[Civ. No. 13768.   First Dist., Div. Two.   Feb. 25, 1949.]

MAURICE D. KOUFF, Appellant, v. BETHLEHEM-ALAMEDA SHIPYARD, INC. (a Corporation) et al., Respondents.

Ralph Nathanson for Appellant.

M. F. Hallmark for Respondents.

GOODELL, J.—Appellant, a former employee of respondent Bethlehem-Alameda Shipyard, Incorporated, sued that company and respondent Shosted, its personnel manager, for wrongful discharge. A demurrer was sustained with leave to amend, and when appellant declined to do so judgment was entered for defendants for costs. This appeal followed.

Section 695 of the Elections Code reads: "Any election officer may, on the day of an election at which he is serving, absent himself from any service or employment in which he is then engaged or employed. He shall not, because of so absenting himself, be liable to any penalty, nor shall any deduction be made from his usual salary or wages, nor shall he be suspended or discharged from his service or employment; . . . ."

The complaint alleges that for more than a year prior to June 4, 1946, appellant had been an employee of Bethlehem and on that day he served as an election officer and absented himself from his employment; that Bethlehem, in violation of section 695, deducted from his salary that day's wages and on June 9 dismissed and discharged him "solely because he had so absented himself for the purpose of serving as election officer." It alleges that respondents refused to reinstate him and that solely because they dismissed and discharged him he has been unable to secure other employment, and has been damaged through loss of wages in the sum of $1,894.40. Malice is alleged and exemplary damages of $5,000 are sought.

In addition to the general ground, the demurrer specifies as grounds of uncertainty that it does not appear (1) why plaintiff was unable to secure other employment after June 9, (2) how he has been damaged in the sum of $1,894.40 "save and except the amount of wages for the day upon which plaintiff alleges he served as an election officer," and (3) what facts justify exemplary damages.

Respondents' principal position in support of the judgment is that section 695 is unconstitutional.

That section is divisible into four parts, viz., (1) the declaration that an election officer may absent himself from his employment on election day, and the provisions (2) that he shall not be penalized, (3) docked, or (4) suspended or discharged, because of such absence.

█  It is clear, of course, that the real ground of suit is the dismissal, for which damages in a substantial sum are sought. Compared to that claim the deduction of appellant's pay for election day is inconsequential. The primary inquiry, then, should be directed to the constitutionality of the statute which prohibits such dismissal.

Respondents' attack on the constitutionality of the act is very general.

With respect to the last part of section 695, which deals with dismissal, no authority of this or any other state is cited, and we doubt if any can be found, even questioning such a provision. It is self-evident that elections can be properly conducted only if competent election officers are obtained to conduct them. A failure to recruit such officers would result in slowing down the machinery of the election, and if employees could be summarily discharged because of such service this important process of government would be seriously impaired. The power of the Legislature to prohibit such discharge cannot be doubted.

Respondents cite *People* v. *Chicago, M. & St. P. Ry. Co.*, 306 Ill. 486 [138 N.E. 155, 28 A.L.R. 610] and *Illinois Central R. R. Co.* v. *Commonwealth*, 305 Ky. 632 [204 S.W.2d 973], holding unconstitutional statutory provisions *requiring an employer to pay his employee* for time taken off to vote. It is interesting to note that both cases concede that that part of the statute requiring employers to allow time out to vote—two hours in Illinois and four in Kentucky—is a proper exercise of power. It was for a violation of the part requiring full pay that both railroads were prosecuted. Although those cases deal with time out for voting, while this deals with time out for election-board service, there is no essential difference between the statutory language in those cases and that of section 695, viz., "nor shall any deduction be made from his usual salary or wages." However, it is not necessary for us to express any opinion as to the constitutionality of the part of section 695 just quoted. It suffices to say that it is clearly separable from the dismissal provision. (See 5 Cal.Jur. pp. 643-4.) If the state can prevent employers from discharging employees because they serve on election boards, it follows that the complaint states a cause of action for unlawful discharge.

Respondents seek to sustain the judgment on the further ground that section 695 does not apply to employees at will but only to those employed for a specified term. Section 2922

of the Labor Code provides that ''An employment, having no specified term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month.''

Granting that appellant was an employee at will (although the complaint does not show one way or the other) there is nothing in the broad and inclusive language of the section which draws any line as to classes of employees. So far as its language goes, the employee might be a manager, an accountant, a skilled mechanic or a casual laborer. Granting that under the general law an employee at will may be discharged without any cause, this particular statute interposes an exception to that rule, the basis of which is the necessity of drawing on industry for such temporary public servants as election officers. No reason is advanced by respondents, and none suggests itself, why an employee for a specified term should be protected, while an employee at will should not be. To so hold would be ''to insert what has been omitted'' from the statute (Code Civ. Proc., § 1857).

There is no way of telling from the record the court's reason for sustaining the demurrer. We are satisfied, however, that the grounds of uncertainty were not controlling. Whether the appellant can sustain his allegations of damages is, of course, a matter of proof; whether his alleged inability to secure another position is attributable to his dismissal from Bethlehem, is likewise a matter of proof. We are satisfied that the allegation that the dismissal was malicious was sufficient as a matter of pleading on his claim for exemplary damages. (*Morgan* v. *French,* 70 Cal.App.2d 785 [161 P.2d 800].)

The judgment is reversed with the direction that the demurrer be overruled.

Nourse, P. J., and Dooling, J., concurred.