[Civ. No. 16758. First Dist., Div. One. June 18, 1956.]

S. ROBERTS, Appellant, v. THE WESTERN PACIFIC
RAILROAD COMPANY, Respondent.

S. Roberts, in pro. per., for Appellant.

E. L. Van Dellen for Respondent.

PETERS, P. J.—Plaintiff, S. Roberts, in propria persona, brought this action against the Western Pacific Railroad Company for damages, claiming that the company, as employer, had unlawfully deprived him of certain contract seniority employment rights. From a judgment for defendant, plaintiff appeals.

This appeal is on the clerk's transcript alone. Plaintiff attempted to prosecute the appeal on a settled statement, but

the statement was never perfected. Plaintiff has filed what he calls an "election of record" purporting to elect to prosecute the appeal on the "clerk's transcript alone with all the original exhibits." ■ Of course, on a clerk's transcript appeal exhibits are not part of the record on appeal. The only record this court may consider is the judgment roll, consisting of the pleadings, findings, conclusions and judgment. (*Hunt* v. *Plavsa,* 103 Cal.App.2d 222 [229 P.2d 482].)

The theory of the complaint was that plaintiff was hired by defendant on June 12, 1945, under the terms of a collective bargaining agreement between defendant and the appropriate union; that under such agreement plaintiff gained certain seniority rights up to September 13, 1949; that on December 13, 1949, the defendant wrongfully dismissed plaintiff without a hearing although such hearing was required under the terms of the collective bargaining agreement. Damages of $35,000 were prayed for. The answer admitted the employment of plaintiff and the establishment of his seniority rights from June 13, 1945, to September 13, 1949, admitted the existence of the collective bargaining agreement and incorporated it into the answer, and admitted that this agreement, as modified and interpreted, was in effect at all times here pertinent. Defendant denied, however, that it had breached the agreement.

The trial court found that plaintiff was employed by defendant on June 13, 1945, in a craft covered by a collective bargaining agreement, and worked for defendant until September 13, 1949, under that agreement; that plaintiff's seniority rights under that agreement dated from June 13, 1945; that the agreement contained provisions for seniority, the methods by which such was to be maintained, exercised and lost; that rule 40(a) of the agreement provided the method of protecting seniority when an employee was displaced or "bumped" by a senior employee; that such provision, in part, provided:

"Employees displaced, whose seniority rights entitle them to a regular position, shall assert such rights within 10 days. Employees who do not possess sufficient seniority to displace a junior employee shall be considered as furloughed"; that on March 26, 1946, the union and defendant agreed to an interpretation of this rule, which interpretation, in part, provided:

"This rule requires that an employee displaced must assert displacement rights over any junior employees within

ten days from date of displacement in order to retain seniority''; that in August of 1949, plaintiff was displaced by a senior employee and on August 4, 1949, defendant's agent advised plaintiff by letter that he must exercise his seniority rights in accordance with rule 40 (a); that on this date plaintiff's seniority rights entitled him to a regular position over certain junior employees, but instead of exercising such rights, plaintiff on August 10, 1949, filed furlough papers under rule 40 (b) of the agreement; that plaintiff subsequently accepted temporary work as a furloughed employee; that on August 21, 1949, defendant listed certain open positions and plaintiff applied for one of these, listing his seniority date as June 13, 1945; that on August 29, 1949, plaintiff was assigned one of these positions on the basis of his seniority date being June 13, 1945; that on August 29, 1949, the union protested plaintiff's appointment on the ground that when plaintiff was displaced he had seniority sufficient to displace certain junior employees, but under rule 40(a) and its interpretation he had not exercised those rights and had lost his seniority, and should be discharged; that the defendant ''determined that such request was in accordance with the facts,'' and in a letter dated September 7, 1949, advised plaintiff that he had lost his seniority, and was discharged; that plaintiff then engaged in litigation against defendant which occupied most of his time from September 14, 1949, to June 20, 1952, when the complaint in the present action was filed; that during the times plaintiff was not engaged in such litigation ''he was able to, and did, secure employment which paid him substantially as well as his employment by defendant had.''

The court concluded that the only rights of plaintiff to continued employment were based upon the agreement as modified and interpreted by defendant and the union; that plaintiff had failed to comply with rule 40(a) of the agreement and thereby had lost his seniority; that when plaintiff lost his seniority he lost any right to continued employment; that defendant did not violate plaintiff's rights in removing him from service.

Based on these findings and conclusion, judgment was entered in favor of defendant and plaintiff appeals.

Whatever rights plaintiff has to continued employment must be predicated upon the collective bargaining agreement. ■ This is so because, in the absence of a statute or contract, an indefinite employment is terminable at will by the

employer, with or without cause. (*Austin* v. *Southern Pac. Co.*, 50 Cal.App.2d 292 [123 P.2d 39]; Lab. Code, § 2922.) Both parties to this appeal attempt to interpret rule 40(a), appellant contending that the right conferred upon him by that rule to "bump" junior employees was a mere privilege, and that a failure to exercise such privilege did not result in a loss of seniority, respondent contending to the contrary. Even if the rule were ambiguous, such ambiguity was clarified by the union and the defendant when they entered into an agreed interpretation of the rule in 1946. ■ By that interpretation it was agreed that a displaced employee with seniority "must assert displacement rights over any junior employees within ten days from date of displacement in order to retain seniority." It is too clear to require further discussion, that, if this interpretation of the rule was binding on plaintiff, by failing to exercise his displacement rights as provided in the rule, plaintiff lost, i.e., no longer "retained" his seniority rights. ■ It is equally clear that the interpretation agreed to by the union and the employer is binding on the members of the union, including plaintiff.

■ It is well settled law that a union, as bargaining agent, under the terms of the Railway Labor Act has the exclusive power with the employer to fix the terms of the employment, and to change those terms by agreeing with the employer to changes, modifications or interpretations of the agreement. (*Elgin, J. & E. R. Co.* v. *Burley*, 325 U.S. 711 [65 S.Ct. 1282, 89 L.Ed. 1886]; *Elder* v. *New York Cent. R. Co.*, 152 F.2d 361; *Donovan* v. *Travers*, 285 Mass. 167 [188 N.E. 705]; *Louisville & N. R. Co.* v. *Wells*, 289 Ky. 700 [160 S.W.2d 16].)

Thus, as a matter of law, plaintiff lost his seniority rights when he failed to comply with rule 40(a) as interpreted. The real question presented is, what was the effect of the loss of such rights?

■ The answer to this question is to be found in the provisions of the collective bargaining agreement. Rule 27 provides: "Seniority begins at the time the employee's pay starts . . . Employees leaving the service *voluntarily*, if reemployed, shall be considered as *new* employees." (Italics added.)

Rule 40(a) provides, in part: "Employees *who do not possess sufficient seniority* to displace a junior employee *shall be considered as furloughed*." (Italics added.)

Rule 40(b): "Employees desiring to protect their seniority

rights and to avail themselves of this rule, must within 5 days from the date actually reduced to the furloughed list, file their names and address . . .''

It is quite apparent that under these rules an employee with seniority, such as appellant, had no right to be furloughed. The only persons given a right to be furloughed are those ''who do *not* possess sufficient seniority to displace a junior employee.'' (Rule 40(a).) Plaintiff did possess such seniority. His right was to displace a junior employee. The attempt to file furlough papers was invalid, and was totally ineffective. This being so, we have an employee who left the service of the employer, did not protect his seniority rights, and therefore, when reemployed, under rule 27, became a ''new'' employee so far as seniority is concerned. Although he was reemployed by respondent, such reemployment was based on a material mistake of the parties—a belief that the employee possessed seniority. Once this mutual mistake was discovered, the employer had the legal right to correct it by firing the employee.

This much is clear. The only debatable question involved on this appeal does not involve the interpretation of the agreement, but involves the question of the legal effect of not granting a hearing to appellant, assuming no hearing was granted. Section 45 provides: ''An employee who has been in the service for more than 90 days or whose application for employment has been formally approved, shall not be disciplined or dismissed'' without an investigation and hearing. It is contended that it was error to fail to find on this issue.

Respondent, in its briefs, admits that no hearing was afforded appellant, but contends that rule 45 is only applicable to the discipline of an employee, who, having seniority, is charged with misconduct, and has no application to an employee who is removed for lack of seniority. This is an unwarranted interpretation of rule 45. The rule is made applicable not only to cases of misconduct, but to all cases of removal of employees, including those with seniority. Respondent would apply the rule only to an employee charged with wrongdoing, but would not apply it to an employee who was removed arbitrarily, without cause. The obvious purpose of the rule was to prevent an employee from being arbitrarily dismissed until ''just cause'' was determined to exist. ''Cause'' not only includes misconduct, but also lack of seniority.

Thus, under the agreement, before appellant could be properly discharged he was entitled to a hearing. Even though, because he allowed his seniority to lapse, he is a new employee under rule 27, *supra*, at least he was one whose "application has been formally approved," and entitled to a hearing.

The first question presented is whether the clerk's transcript shows that no hearing was had. The finding is that respondent "having determined that such request [of the union to dismiss appellant] was in accordance with the facts" dismissed appellant. In view of the presumptions involved in a clerk's transcript appeal it can be argued that such finding amounts to a finding that a hearing was in fact granted appellant, although respondent agrees in its briefs that no such hearing was granted. In view of the concessions by respondent we are not inclined to distort the finding into one to the effect that a hearing was had. Therefore, we are presented with the question as to the legal effect of failing to grant appellant a hearing, in violation of the agreement.

■ The failure to grant appellant a hearing could not possibly have been prejudicial. Under the terms of the collective bargaining agreement, as a matter of law, when the union requested appellant's dismissal, there was nothing the respondent could do but dismiss appellant. Appellant, as a matter of law, had lost his seniority rights by failing to exercise his power of displacement. As a matter of law, he was not entitled to the job to which he had been assigned. Even though he was entitled, under the agreement, to a hearing before he was discharged, such hearing necessarily would have resulted in his dismissal. It had to, or respondent would have violated its agreement with the union. Therefore, appellant suffered no actual damages by reason of his dismissal, and was not entitled to nominal damages as a matter of right. (*Strait* v. *Wilkins*, 23 Cal.App. 774 [139 P. 911].)

The judgment is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied July 18, 1956, and appellant's petition for a hearing by the Supreme Court was denied August 16, 1956.