[Civ. No. 6162. Fourth Dist. July 1, 1960.]

MARGARET MALLARD, Appellant, v. EVERETT A. BORING et al., Respondents.

*Assigned by Chairman of Judicial Council.

Ruffner & Henson and Cline & Morrow for Appellant.

A. L. Wirin and Richard W. Petherbridge as Amici Curiae on behalf of Appellant.

C. F. Sturdevant, Jr., for Respondents.

SHEA, J. pro tem.*—Appellant, a former employee of defendant Desert Medical Group, brought this action against the Desert Medical Group and its business manager, defendant Boring. Her first cause of action is against defendant Boring, and alleges that he wrongfully induced defendant Desert Medical Group to breach its contract of employment with plaintiff. Her second cause of action alleges a wrongful breach of the contract of employment by defendant Desert Medical Group.

In the first cause of action the complaint alleges that the plaintiff was employed by Desert Medical Group, a partnership, in February, 1956; that the employment was by oral agreement on a month to month basis at a starting salary of $300 per month; that the services performed by plaintiff were of a stenographic nature; that she performed all of her obligations under the contract until May 20, 1958; and that her salary had been increased to the sum of $400 per month. She alleges that in February, 1958, defendant Boring was employed by Desert Medical Group as a business manager. She then alleges that on May 15, 1958, plaintiff received a questionnaire from the Justice Court of the El Centro Judicial District, which questionnaire plaintiff was to fill out indicating whether or not she was available for jury duty in said court; that plaintiff commenced to fill out the questionnaire, whereupon defendant Boring ordered plaintiff not to apply for jury duty or to indicate that she was available for jury duty; that plaintiff then talked with one of the senior partners of Desert Medical Group and was informed by him that it was plaintiff's duty and obligation to respond to the questionnaire and to be available for jury duty; that plaintiff then filled out the questionnaire indicating that she was available for jury duty, and mailed the questionnaire to the court.

It is then alleged that between that time and May 20, defendant Boring, acting with oppression or malice and with knowledge of the contract of employment and with knowledge that plaintiff had submitted the questionnaire to the court, wrongfully induced Desert Medical Group to dismiss and discharge plaintiff from her employment, and to therefore breach the contract of employment "for the sole reason that plaintiff had attempted to fulfill her political right and duty of serving as a trial juror." It is then alleged that as a proximate cause

*Assigned by Chairman of Judicial Council.

of such wrongful inducement, she was discharged from her employment by Desert Medical Group; that she was at all times willing and able to perform her duties under the contract; and that she was damaged.

The second cause of action is against defendant Desert Medical Group. After incorporating the allegations of the first cause of action, plaintiff alleges that defendant Boring is the agent of Desert Medical Group and that:

"On or about May 20, 1958, while acting within the scope of his authority as business manager of defendant Desert Medical Group and while acting within the scope of his employment with defendant Desert Medical Group and as the agent of defendant Desert Medical Group, defendant Everett A. Boring, for the Desert Medical Group, arbitrarily discharged and dismissed plaintiff from her employment therefore wrongfully breaching said contract of employment by making, adopting or enforcing a rule, regulation or policy forbidding or preventing plaintiff as an employee from engaging or participating in politics or making, adopting or enforcing a rule, regulation or policy controlling or directing or tending to control or direct the political activities or affiliation of plaintiff as an employee by prohibiting plaintiff from serving as a trial juror in the Justice Court of the El Centro Judicial District."

She then alleges general damages.

The court sustained a demurrer to the first amended complaint and granted plaintiff 15 days to amend. Plaintiff did not amend, and the court made and entered its judgment for defendants for their costs. Plaintiff appeals from the judgment.

There is ample authority that unlawful inducement to breach a contract is actionable and that this applies to a contract which is terminable at will. (*Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34 [172 P.2d 867].)

"However, the inducement must be wrongful and unprivileged. One who is in a confidential relationship with a party to a contract is privileged to induce the breach of that contract. (Citations.) Thus a servant may induce his master to breach a contract with a third person." (*Lawless* v. *Brotherhood of Painters,* 143 Cal.App.2d 474, 478 [300 P.2d 159].)

It should further be pointed out that plaintiff has not alleged that defendant Boring did not have the authority to discharge her. (*Funk* v. *Baldwin,* 80 Ga. 177 [55 S.E.2d

733].) In fact, to the contrary, in her second cause of action she alleges that while acting within the scope of his authority as business manager, defendant Boring, for Desert Medical Group, arbitrarily discharged and dismissed plaintiff from their employment. This being the case, Boring could not *induce* a breach of contract; if there was a breach, he *breached* it for and on behalf of his principal, Desert Medical Group.

Accordingly the complaint does not state a cause of action for wrongfully inducing a breach of contract.

As to the second cause of action, it is conceded that plaintiff's employment was terminable at will. Under such a contract of employment, plaintiff could quit at any time and her employer could discharge her at any time with or without cause. (*Roberts* v. *Western Pac. R.R. Co.*, 142 Cal. App.2d 317 [298 P.2d 120]; Lab. Code, § 2922.) It makes no difference if the employer had a bad motive in so doing.

"Precisely as may the employee cease labor at his whim or pleasure, and, whatever be his reason, good, bad, or indifferent, leave no one a legal right to complain; so, upon the other hand, may the employer discharge, and, whatever be his reason, good, bad, or indifferent, no one has suffered a legal wrong." (*Union Labor Hospital* v. *Vance Redwood Lumber Co.*, 158 Cal. 551, 554 [112 P. 886, 33 L.R.A. N.S. 1034].)

 Under the foregoing we must hold that defendant Desert Medical Group was acting within its legal rights in discharging plaintiff, even though its reason for doing so is quite reprehensible. If, as alleged, defendants in this case discharged plaintiff because she was willing to serve as a trial juror, we can only say that such action was selfish and short-sighted. It is all the more to be deplored in view of the fact that it was done by a professional group who are, or should be, above average in intelligence, education and interest in the public welfare.

Appellant contends that her discharge by defendants was a violation of her rights as an employee under section 1101 of the Labor Code, and she argues that service as a trial juror is a "political activity" within the meaning of that section. Section 1101 of the Labor Code provides:

"No employer shall make, adopt, or enforce any rule, regulation, or policy:

"(a) Forbidding or preventing employees from engaging or participating in politics or from becoming candidates for public office.

"(b) Controlling or directing, or tending to control or direct the political activities or affiliations of employees."

In *Lockheed Aircraft Corp.* v. *Superior Court*, 28 Cal.2d 481 [171 P.2d 21, 166 A.L.R. 701], it was held that the employee has a right of action in damages for the breach of a contract of employment where the employer has acted in violation of section 1101 of the Labor Code.

Whether or not section 1101 of the Labor Code is applicable to this case depends upon whether or not jury duty can be considered as political activity. Counsel for appellant argues in the affirmative and the gist of his argument is that jury duty is of equal importance to taking part in an election (with which we heartily agree), and that therefore the Legislature surely intended that the employee who makes himself or herself available for jury service should be afforded the protection of section 1101 as coming within the meaning of the term "political activity."

As is pointed out in appellant's brief, statutes must be given a reasonable and common-sense construction in accordance with the apparent purpose and intention of the lawmakers. (*Alameda County* v. *Kuchel*, 32 Cal.2d 193 [195 P.2d 17].)

The term "political activity" connotes the espousal of a candidate or a cause, and some degree of action to promote the acceptance thereof by other persons. This cannot be said of jury service. Jurors are called to resolve controversies in trial. Great efforts are made to insure that they are impartial. As they are frequently instructed, they are acting as judges. Certainly it could never be successfully maintained that a judge, in exercising his judicial function, is engaged in political activity. The terms "judicial function" and "political activity" are repugnant to each other. As much as we are in sympathy with the argument that jury service is equal to political activity in dignity and importance, under a reasonable and common-sense construction of the statute, it cannot be said that serving as a juror or signifying availability for such service is a political activity as that term is used in section 1101 of the Labor Code.

Appellant's counsel also relies on the case of *Kouff* v. *Bethlehem-Alameda Shipyard, Inc.*, 90 Cal.App.2d 322 [202 P.2d 1059]. This case holds that a complaint which alleges the dismissal of an employee from his job because he served as an election official on election day states a cause of action

because such action by the employer is in violation of section 695 of the Elections Code. Counsel argues that jury service is equally as important as serving as an election official (with which we also heartily agree). However, the fact is the Legislature has seen fit to enact a statute affording protection from dismissal as to an election official whereas they have not done so in the case of jurors. In fact, the Legislature has recognized that there are circumstances where individuals called to serve as trial jurors should be exempted (Code Civ. Proc., § 200) or excused (Code Civ. Proc., § 201). They have made it discretionary with the court to determine whether or not individuals should be excused from jury service.

In the brief filed by amici curiae, it is argued quite forcefully that the action of defendants in this case is in violation of public policy, and they urge the court to hold that an action for damages for breach of contract will lie where an employee is discharged for the reason that she informed the court she was willing to serve as a trial juror. Although we may feel that this would be good public policy, to so hold would establish a rule which would apply in all instances where persons are discharged from their employment because they have made themselves available for jury service, regardless of the circumstances. If public policy requires that this protection should be afforded prospective jurors, we feel it should be done by the Legislature as they have done in the case of election officials.

The second cause of action does not state facts sufficient to constitute a cause of action, and the demurrer was properly sustained.

The judgment is affirmed.

Shepard, Acting P. J., and Coughlin, J., concurred.