[Civ. No. 20990. First Dist., Div. Two. Feb. 11, 1964.]

RINO MARIN, Plaintiff and Appellant, v. CANDIDO
JACUZZI et al., Defendants and Respondents.

Francis T. Cornish for Plaintiff and Appellant.

Mendelsohn & Haves and Robert Haves as Amici Curiae on behalf of Plaintiff and Appellant.

Joseph L. Alioto and Walter F. Calcagno for Defendants and Respondents.

TAYLOR, J.—The plaintiff, Rino Marin, appeals from a judgment of dismissal entered after a demurrer to his second amended complaint was sustained without leave to amend. The only question on appeal is whether the complaint states a cause of action for intentional and unjustifiable interference with contractual relations.

The complaint alleged: that the appellant was a shareholder and employee of Jacuzzi Bros. Inc., a corporation,[1] of which respondent, Candido Jacuzzi, was vice-president and general manager as well as a director; he and the remaining respondents constituted the majority of the board of directors; in accord with the corporation's long-standing policy of employing its shareholders at a liberal salary, the appellant had been employed for 23 years and pursuant to an oral contract was rehired for another year on January 31, 1961, at an annual salary of $17,800; appellant always acted in the best interests of the corporation and would have remained an employee for the balance of his life, if the respondents had not maliciously and without cause induced the corporation to terminate its present and future contractual relations with the appellant on August 24, 1961.

The complaint further alleged that the respondents discharged the appellant because he had filed an accusation with the Department of Investment, Division of Corporations, of the State of California. This accusation, a copy[2] of which was incorporated by reference and attached to the complaint,

[1]The corporation properly should have been named (*Shida* v. *Japan Food Corp.*, 185 Cal.App.2d 443 [8 Cal.Rptr. 271]). This defect was raised in the demurrer but was not the ground on which the demurrer was sustained.

[2]The record does not indicate that this copy was either duly authenticated or certified, but the respondents have not raised the matter. The complaint is verified so the fact of the filing of its accusation and its contents must be accepted as true on this appeal.

stated that the general manager, for his own benefit, and contrary to the best interests of the corporation and its shareholders, established and manipulated certain foreign subsidiaries for the purpose of withdrawing corporate assets for an inadequate consideration, in violation of the Corporate Securities Act of the State of California. Finally, the complaint alleged that the respondents used their majority position on the board of directors to prevent a disinterested quorum from reviewing their malicious acts. The prayer asks general and punitive damages against respondents by reason of appellant's wrongful dismissal.

The crucial issue is whether under the facts stated in the complaint, the respondents had an absolute privilege to discharge the appellant.

On appeal from a judgment sustaining a demurrer, the allegations of the complaint must be regarded as true.

A complaint will be held to state facts sufficient to constitute a cause of action if, upon a consideration of all of the facts stated, it appears that the plaintiff is entitled to any relief, even though the facts may not be clearly stated or may be intermingled with irrelevant facts or the plaintiff may demand relief to which he is not entitled under the facts alleged (*Augustine* v. *Trucco*, 124 Cal.App.2d 229 [268 P.2d 780]). In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties (*Buxbom* v. *Smith*, 23 Cal.2d 535, 545 [145 P.2d 305]). A demurrer does not, however, admit contentions, deductions or conclusions of facts or law which may be alleged in a complaint (*Howard* v. *City of Los Angeles*, 143 Cal.App.2d 195 [299 P.2d 294]).

For example, the allegation that the respondents had no authority to discharge the appellant is a conclusion as is the fact that such act was done maliciously (*Locke* v. *Mitchell*, 7 Cal.2d 599 [61 P.2d 922]). The use of the words wrongfully, wilfully and maliciously adds nothing to the pleadings except to convey a sense of outrage on the part of the appellant (*Hancock* v. *Burns*, 158 Cal.App.2d 785, 790 [323 P.2d 456]).

The right to amend a complaint after a demurrer is sustained should not be lightly denied. It is, however, proper to sustain a demurrer without leave to amend when the complaint cannot be amended to state a cause of action (2 Witkin, Cal. Procedure, § 506). With these well-defined rules in mind, we will proceed to examine the complaint in relation to the applicable law.

■ An action will lie for the intentional and unjustifiable interference with a contractual relationship either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification or privilege (*Herron* v. *State Farm Mutual Ins. Co.*, 56 Cal.2d 202, 205 [14 Cal.Rptr. 294, 363 P.2d 310]; *Imperial Ice Co.* v. *Rossier*, 18 Cal.2d 33, 35 [112 P.2d 631]). This applies to a contract of employment terminable at will (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34 [172 P.2d 867]). The question then is whether the respondents were possessed of the required privilege.

The complaint avers that the appellant was employed for life under an oral contract. ■ A contract for permanent employment is interpreted as a contract for an indefinite period and in the absence of statutory provisions or public policy considerations (*Glenn* v. *Clearman's Golden Cock Inn*, 192 Cal.App.2d 793 [13 Cal.Rptr. 769]; *Petermann* v. *International Brotherhood of Teamsters*, 174 Cal.App.2d 184, 188 [344 P.2d 25]; Lab. Code, § 1410 et seq.) is terminable at the will of either party (Lab. Code, § 2922) for any reason whatsoever (*Union Labor Hospital Assn.* v. *Vance Redwood Lumber Co.*, 158 Cal. 551, 554 [112 P. 886, 33 L.R.A. N.S. 1034]).

■ Appellant concedes that the agreement in question was terminable at will by either party and that as general manager of the corporation, respondent Candido Jacuzzi had the authority to discharge an employee (*Howard* v. *Winton Co.*, 199 Cal. 374 [249 P. 511, 47 A.L.R. 1012]; *Pacific Concrete Products Corp.* v. *Dimmick*, 136 Cal.App.2d 834, 838 [289 P.2d 501]) but he argues that improper motive destroys the privilege and that here, the respondents acted for their own interests and contrary to the best interests of the corporation, thus exceeding their authority.

■ Under the terms of an "at will contract," the appellant can quit at any time and his employer can discharge him at any time, with or without cause (*Mallard* v. *Boring*, 182 Cal.App.2d 390 [6 Cal.Rptr. 171]; *Roberts* v. *Western Pac. R. R. Co.*, 142 Cal.App.2d 317 [298 P.2d 120]). ■ It is not the function of the courts in the absence of contractual, statutory or public policy considerations to compel a person to accept or retain another in his employ, nor to compel any person against his will to remain in the employ of another. Our courts have consistently held that in such a confidential relationship, the privilege is absolute, and the presence of ill will or improper motive will not destroy it (*Mallard* v. *Bor-*

*ing, supra; Imperial Ice Co.* v. *Rossier, supra,* at p. 38, distinguishing *Boyson* v. *Thorn,* 98 Cal. 578 [33 P. 492, 21 L.R.A. 233] on this ground). To hold otherwise would prevent an employer from firing an employee except for good cause shown in every situation. We are not here dealing with a hiring to the "satisfaction of the employer," where "good faith" is a proper test (*Coats* v. *General Motors Corp.,* 3 Cal.App.2d 340, 348 [39 P.2d 38]).

Appellant's reliance on *Collins* v. *Vickter Manor, Inc.,* 47 Cal.2d 875 [306 P.2d 783], and other more recent authorities (i.e., *Associated Plumbing Contractors of Marin etc. Counties, Inc.* v. *F. W. Spencer & Son, Inc.,* 213 Cal.App.2d 1 [28 Cal.Rptr. 425]; *Rogers* v. *Grua,* 215 Cal.App.2d 1 [30 Cal. Rptr. 39]; *Union Paving Co.* v. *East Del Paso Heights,* 217 Cal.App.2d 772 [31 Cal.Rptr. 915], all cited in his closing brief) is not well founded as, in those cases, the privilege does not affirmatively appear on the face of the complaint.

▆ Here, the complaint itself discloses that the respondent Candido Jacuzzi was privileged with absolute authority in discharging the appellant. This is particularly true since a majority of the directors approved such action. There was no allegation of conspiracy or ultra vires acts on the part of the directors, nor can the complaint be construed to be a shareholder's action against the corporation. ▆ Neither the manager nor the other respondents can be held liable for inducing the breach, for their action was that of the corporation itself. (*Mallard* v. *Boring, supra.*) ▆ We conclude that the appellant's complaint did not state a cause of action for an intentional or unjustifiable interference with contractual relations, nor is it subject to successful amendment.

The judgment of dismissal is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied March 10, 1964, and appellant's petition for a hearing by the Supreme Court was denied April 8, 1964.