[Civ. No. 23595.   First Dist., Div. Three.   June 27, 1967.]

GEORGE PATTERSON, Plaintiff and Appellant, v. PHILCO CORPORATION, Defendant and Respondent.

Morgan, Beauzay, Wylie, Ferrari & Leahy and Michael J. Ezgar for Plaintiff and Appellant.

Popelka, Graham, Hanifin, Van Loucks & Allard and Fred J. Graham for Defendant and Respondent.

BROWN (H. C.), J.—Appellant Patterson filed a complaint against respondent Philco Corporation, his employer, and D. Joyce, a fellow employee for damages for his wrongful discharge. This is an appeal from the judgment of dismissal entered after the demurrer of respondent (Philco Corporation) to appellant's first amended complaint was sustained with leave to amend. A demurrer by defendant Joyce, the fellow employee, was overruled and that action is now pending.

Appellant's complaint named as defendants D. Joyce, a fellow employee, and respondent, and certain other defendants by fictitious names. Appellant alleges that D. Joyce and other individual defendants sued in their fictitious capacity "did maliciously and for the purpose of procuring jobs for their personal friends and for the purpose of advancing their personal status in that certain corporate organization . . . [respondent] . . . , falsely and fraudulently rate the performance of . . . [appellant] and recommend his discharge by . . . [respondent]'' Appellant further alleges that as a proximate result of the oppressive conduct of the individual defendants, appellant was discharged without cause.

Appellant bases his right to recover on the allegation of the complaint ''That on and after the Plaintiff's discharge . . . Plaintiff called the attention of the . . . false rating to the attention of supervisory officials of Philco Corporation, . . .

but said officials did . . . ratify the conduct of the said individual defendants . . ."

Appellant also alleges that because of the wrongful discharge he has been prevented from obtaining gainful employment and has suffered mentally and physically to his damage in the sum of $50,000.

Appellant's complaint does not allege a contract either oral or written for a specified term and concedes that his employment was terminable at the will of respondent. Section 2922 of the Labor Code provides as follows: "An employment, having no specified term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month."

It is recognized that "Intentional and unjustifiable interference with contractual relations is actionable in California as in most other jurisdictions. [Citation.] ▇ . . . the fact that a contract is 'at the will of the parties, respectively does not make it one at the will of others,' . . .( *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 39 [172 P.2d 867].) Since appellant alleged that defendant Joyce was acting in a personal capacity, the demurrer was properly overruled as to the fellow employee Joyce. This appeal pertains only to the judgment following the trial court's sustaining the demurrer of respondent Philco Corporation.

The mere fact that a contract is terminable at will does not give the employer the absolute right to terminate it in all cases. The employer may be subject to damages for terminating the contract at will when such termination would be a violation of (a) public policy (*Petermann* v. *International Brotherhood of Teamsters,* 174 Cal.App.2d 184, 188 [344 P.2d 25]), (b) a statute (Elec. Code, § 695; *Kouff* v. *Bethlehem-Alameda Shipyard, Inc.,* 90 Cal.App.2d 322 [202 P.2d 1059]; *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481 [171 P.2d 21, 166 A.L.R. 701]), or (c) when the employee was engaged contractually to serve so long as he performed to the satisfaction of the employer (*Coats* v. *General Motors Corp.,* 3 Cal.App.2d 340, 348 [39 P.2d 838]).

In other cases the employee under the terms of a contract at will, may quit at any time and his employer can discharge him at any time with or without cause. The court in *Marin* v. *Jacuzzi,* 224 Cal.App.2d 549, 553-554 [36 Cal.Rptr. 880] stated: "It is not the function of the courts in the absence of contractual, statutory or public policy considerations to compel a person to accept or retain another in his employ,

nor to compel any person against his will to remain in the employ of another. Our courts have consistently held that in such a confidential relationship, the privilege is absolute, and the presence of ill will or improper motive will not destroy it (*Mallard* v. *Boring, supra* [182 Cal.App.2d 390 (6 Cal.Rptr. 171)]; *Imperial Ice Co.* v. *Rossier, supra,* at p. 38 [18 Cal.2d 33 (112 P.2d 631)], distinguishing *Boysen* v. *Thorn,* 98 Cal. 578 [33 P. 492, 21 L.R.A. 233] on this ground). To hold otherwise would prevent an employer from firing an employee except for good cause shown in every situation. We are not here dealing with a hiring to the 'satisfaction of the employer,' where 'good faith' is a proper test (*Coats* v. *General Motors Corp.,* 3 Cal.App.2d 340, 348 [39 P.2d 38])."

The complaint alleges that respondent discharged appellant after being informed of Joyce's wrongful action. Appellant concedes in his brief that the contract of employment was terminable at will.

Under section 2922 of the Labor Code, *supra,* respondent could discharge appellant with or without a reason. In *Mallard* v. *Boring,* 182 Cal.App.2d 390 [6 Cal.Rptr. 171], the plaintiff alleged in her complaint that she was employed on a month-to-month basis and was wrongfully discharged by the defendant manager because she was ordered by her employer not to fill in a form indicating that she was eligible for jury duty and she disobeyed that order. The court said: "As to the second cause of action, it is conceded that plaintiff's employment was terminable at will. Under such a contract of employment, plaintiff could quit at any time and her employer could discharge her at any time with or without cause. (*Roberts* v. *Western Pac. R.R. Co.,* 142 Cal.App.2d 317 [298 P.2d 120]; Lab. Code, § 2922.) It makes no difference if the employer had a bad motive in so doing. 'Precisely as may the employee cease labor at his whim or pleasure, and, whatever be his reason, good, bad, or indifferent, leave no one a legal right to complain; so, upon the other hand, may the employer discharge, and, whatever be his reason, good, bad, or indifferent, no one has suffered a legal wrong.' (*Union Labor Hospital* v. *Vance Redwood Lumber Co.,* 158 Cal. 551, 554 [112 P. 886, 33 L.R.A. N.S. 1034].)" (*Mallard* v. *Boring, supra,* pp. 390, 394.) The trial court scathingly criticized the employer's employment philosophy in discharging appellant but reluctantly recognized the employer was acting within his legal rights.[1]

---

[1] "Under the foregoing we must hold that defendant Desert Medical Group was acting within its legal rights in discharging plaintiff, even

A number of jurisdictions support the rule that a party to the contract (terminable at will or otherwise) cannot be held for the tort of inducing its breach but can only be responsible for compensatory damages flowing from the breach. (See cases collected in 26 A.L.R.2d, § 49, p. 1284.) Thus in *Allison* v. *American Airlines, Inc.*, 112 F. Supp. 37, 38, 39, the court said: ''Generally, where an employer ratifies the tortious acts of its servant, this does not absolve the employee from personal liability for the tort, but does thereby make the employer equally liable for its commission. However, in this case, such does does not follow, inasmuch as the tort committed, if any, by the employee is for 'inducing' a breach of contract; thus, although an employer may be guilty of breaching its contract, it cannot be guilty of 'inducing' the breach of its own contract; and, the liability of the employer is limited to compensatory damages directly flowing from such breach. . . . The first cause of action is against Anderson, the employee, for 'inducing' a breach of contract and of interfering with a business relationship to the detriment of the plaintiff; there is no way that defendant American can be jointly liable for these acts, even though ratified by American, inasmuch as no person or company can be guilty of 'inducing' himself or itself to breach his or its own contract; the person or company can only be liable for a 'breach' of the contract and responsible for the damages flowing from such breach. . . .''

█ Appellant's employment was ''at will'' and does not come within that class of cases which hold that a conspiracy action will lie against a party to the contract who is included among the defendant conspirators. ''Such cases . . . rest solidly on the principle that all who are involved in the common scheme are jointly and severally responsible for the ensuing wrong.'' (*Wise* v. *Southern Pacific Co.*, 223 Cal.App.2d 50, 71-72 [35 Cal.Rptr. 652].) However, in *May* v. *Santa Fe Trail Transportation Co.*, 189 Kan. 419 [370 P.2d 390 at p. 394] the court said: ''Where the plaintiff has alleged an oral contract of employment that is terminable at the will of either party, he has alleged no cause of action for breach of contract by alleging that he has been discharged. Merely adding the

---

though its reason for doing so is quite reprehensible. If, as alleged, defendants in this case discharged plaintiff because she was willing to serve as a trial juror, we can only say that such action was selfish and short-sighted. It is all the more to be deplored in view of the fact that it was done by a professional group who are, or should be, above average in intelligence, education and interest in the public welfare.'' (*Mallard* v. *Boring*, 182 Cal.App.2d 390, 394 [6 Cal.Rptr. 171].)

words and phrases, 'conspiracy,' 'deliberate fraud and subterfuge,' 'deliberately, wrongfully and without just cause,' and 'unlawfully and wrongfully,' to an action for alleged breach of contract of employment does not transform the action into one based upon conspiracy. (*McGill* v. *Kuhn,* 186 Kan. 99 [348 P.2d 811]; *Sullivan* v. *Paramount Film Distributing Co.,* 164 Kan. 125 [187 P.2d 360]; and *Rogers* v. *J. R. Oil & Drilling Co., supra,* [149 Kan. 807 (89 P.2d 847)].)''

The court in *Wise* rejected the line of cases holding that a conspiracy would not lie against a party to the contract, and held that an action in tort will lie against a party to a contract for conspiring to induce its breach. The court, however, refused to extend its holding to contracts terminable at will[2] and approved the decision of *May* v. *Santa Fe Trail Transportation Co., supra,* stating at pages 67-68 : ''Plaintiff alleged an oral contract terminable at will and conceded that unless a cause of action was stated in the first count, none was stated in the second. Since the contract was terminable at will, plaintiff's discharge was not actionable and, absent a wrongful act, no action could lie against defendant employer for 'conspiring' to do something it could lawfully do. . . .''

Appellant's complaint does not state facts which would limit the right of respondent to discharge him. It is not alleged that the discharge is prohibited by statute or reasons of public policy, and it being a contract terminable at will does not fall within that class of cases wherein the employer may be held for conspiring with third parties to breach the contract of employment.

The demurrer was correctly sustained.

Appellant has declined to amend as provided in the trial court's order. It must be assumed that he has stated his cause as strongly as it can be stated in his favor. (*McClure* v. *Cerati,* 86 Cal.App.2d 74, 82 [194 P.2d 46].)

The judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.

---

[2]In *Wise* v. *Southern Pacific Co.,* 223 Cal.App.2d 50 [35 Cal.Rptr. 652], Wise was a member of the Brotherhood of Railroad Carmen. His union and Southern Pacific Company had a collective bargaining agreement that prohibited the termination of the employment except under certain conditions. Thus Wise's employment was not terminable at will.