[No. A032817. First Dist., Div. One. May 6, 1987.]

MICHAEL DeSIMONI et al., Plaintiffs and Respondents, v.
CHARLES H. BRUSCO et al., Defendants and Appellants.

**COUNSEL**

Michael R. Nave and Charles L. Light for Defendants and Appellants.

Melvyn I. Mark, Michael L. Ohleyer, Thomas M. Bruen, Edward G. Lieberman, Titchell, Maltzman, Mark, Bass, Ohleyer & Mishel, Lawrence Alioto and Alioto & Alioto for Plaintiffs and Respondents.

**OPINION**

**ELKINGTON, J.**—Defendants Charles H. Brusco (Brusco), Wera E. Mitchell, and Cornerstone Management Company, appeal from a "judgment after trial by court entered on August 27, 1985," in favor of plaintiffs Michael DeSimoni (DeSimoni), Theresa DeSimoni, and Glenn Nobmann. The appeal concerns the interpretation of a partnership agreement among the parties who were "Class A" partners.

The partnership became the owner of a large apartment complex, and the partnership agreement provided for employment of a "Managing Partner." It recited, "Brusco, [one of the Class A partners, and now the principal defendant in this action] is appointed Managing Partner for this purpose." After about three years, a majority (75%) of the class A partners voted to remove Brusco as managing partner, and DeSimoni was so employed in his stead. Brusco refused to accept his removal, and rejected requests that he turn over the books and records of the apartment complex to DeSimoni. This action and appeal followed.

Brusco contends that his removal as managing partner would be in *contravention* of the partnership agreement. He relies on Corporations Code section 15018, subdivision (h), which in part states: ". . . [N]o act in contravention of any agreement between the partners may be done rightfully without the consent of all the partners."

The plaintiff Class A partners argue that Brusco's removal as managing partner was in accord with, and *not* in contravention of, the proper interpretation of the partnership agreement.

We find ourselves in agreement with the plaintiff Class A partners, and with modification as to attorney fees, we shall affirm the superior court's judgment. Our reasons follow.

We note initially that no extrinsic evidence was adduced in respect of the partnership agreement's interpretation, *by the parties*. It therefore becomes our function to interpret it "according to the generally accepted canons of interpretation," without regard to the ruling of the superior court. (*Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 567, 402 P.2d 839].)

We first consider the relevant statutory law.

Labor Code section 2922, as here material, provides: "An employment, having no specified term, may be terminated at the will of either party. . . ." Here, *Brusco*'s employment under the partnership agreement had no specified term.

We turn to the state's related long-existent decisional law: "In California, the long-established common law rule applicable to employment contracts for an unspecified term is embodied in Labor Code section 2922, which provides: 'An employment, having no specified term, may be terminated at the will of either party. . . .'" (*Cleary v. American Airlines, Inc.* (1980) 111 Cal.App.3d 443, 448 [168 Cal.Rptr. 722]; and see *DeBriar v. Minturn* (1851) 1 Cal. 450, 451; *Wilson v. Red Bluff Daily News* (1965) 237 Cal.App.2d 87, 90 [46 Cal.Rptr. 591]; *Roberts v. Western Pac. R. R. Co.* (1956) 142 Cal.App.2d 317, 320-321 [298 P.2d 120]; *Lynch v. Gagnon* (1929) 96 Cal.App. 512, 518 [274 P. 584].)

Adverting now, in our quest for the parties' intent, to the related portions of the partnership agreement, we find the following:

"Only the Class A Partners shall participate in the control, management and direction of the business of the Partnership; BRUSCO is appointed

MANAGING PARTNER for this purpose. In exercising this control, management and direction, each Clas⁓ A Partner's vote shall be in proportion to his interest in the Partnership's contributed capital."

We construe this provision as stating that "the control, management, and direction of the business of the partnership," *including the hiring and firing of the managing partner,* was given over to the Class A partners' votes in proportion to their contribution to the partnership's capital.

█ The appellant, Brusco, also contends that: "The court erred in ordering that the contract with Cornerstone Management Company was properly terminated."

Brusco concedes that the subject contract with Cornerstone Management Company (owned or dominated by appellant Wera E. Mitchell, Brusco's wife) was properly terminated, if done in *"good faith."* But he argues that here the termination was ordered in *"bad faith."* We discern no evidence, certainly none believed by the trial court, that the termination was in bad faith. In the absence of such evidence, bad faith will not reasonably be inferred. "The law . . . assumes good faith" in the absence of evidence to the contrary (*Hoffman* v. *Superior Court* (1907) 151 Cal. 386, 391 [90 P. 939]) and "the presumption is in favor of honesty and fair dealing" (*Estate of Allan* (1936) 15 Cal.App.2d 272, 277 [59 P.2d 425]).

The appeal's final contention is that: "The award of attorney fees [to plaintiffs] was improper."

The partnership agreement provided that should any partner institute legal proceedings against any other partner to interpret or enforce the partnership agreement, the court in its discretion might award reasonable attorney fees to the prevailing party, and that: "To so recover, it is not necessary that the prevailing party prevail in each and every of its claims, but only that it prevail in the preponderance of its claims, and the amount of the award of attorneys fees shall, in the court's discretion, reflect the degree to which the losing party or parties may have prevailed in some of its claims."

Despite Brusco's argument, by any reasonable test, plaintiffs were the prevailing parties in the action. And it will reasonably be presumed that the trial court considered the above quoted attorney fee provision of the partnership agreement. Moreover, the amount of the awarded attorney fees, $10,000, we opine, lay reasonably within the discretion of the trial court. (3) "The amount of the award of attorney fees is within the sound discretion of the trial court." (*County of Madera* v. *Forrester* (1981) 115 Cal.App.3d 57, 65 [170 Cal.Rptr. 896].)

The judgment will be modified by the superior court by fixing and awarding to plaintiffs reasonable attorney fees for services rendered on this appeal. As so modified, the judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.

The petition of appellant Brusco for review by the Supreme Court was denied July 22, 1987.