Gary CAUCHI, Plaintiff,

v.

Paula J. BROWN, Silvana Rice, M. Brown, Defendants.

No. CV–F–98–6125–REC–DLB.

United States District Court, E.D. California.

Jan. 21, 1999.

ORDER DENYING PLAINTIFF'S MO-TION TO REMAND AND GRANT-ING DEFENDANTS' MOTIONS TO DISMISS

COYLE, District Judge.

On August 21, 1998 Gary Cauchi ("Plaintiff") filed a Complaint against Paula Minugh ("Minugh"), Silvana Rice ("Rice") and M. Brown ("Brown") in small claims court.

On September 3, 1998, Minugh and Rice removed Plaintiff's action to this Court. The case was assigned to me and docketed as CV–F–98–5998–REC–DLB ("Docket No. 5998").

Not realizing the case already had been removed, sometime later the United States (claiming that it, and not Brown, is the proper party) removed the case a second time, ultimately resulting in a separate case before The Honorable Oliver W. Wanger, docketed as CV–F–98–6125–OWW–DLB ("Docket No. 6125"). That case was then reassigned to me as a related case.

Minugh and Rice and the United States later filed separate motions to dismiss Plaintiff's Complaint. Both the United States and Minugh and Rice filed their Motions under Docket No. 5998.

On November 16, 1998, the Court heard the motions to dismiss. The Court then issued an Order Denying Plaintiff's Motion to Remand and Granting Defendants' Motions to Dismiss (the "Order"), which was entered on November 17, 1998 under Docket No. 5998.

The United States, however, had never moved to consolidate the cases. Hence, the portion of the Order relating to the United States' Motion to Dismiss should have been issued under Docket No. 6125. Accordingly, in order to resolve the case filed under Docket No. 6125, the Court now reiterates the grounds for dismissal of Plaintiff's claim stated in the Court's November 17, 1998 Order.

G. Patrick Jennings, United States Department of Justice, Tax Division, Washington, DC, for Defendants.

Gary Cauchi, Fresno, CA, pro se.

## I. BACKGROUND

On August 21, 1998 Plaintiff commenced this action against Minugh, Rice and Brown in small claims court. Plaintiff's complaint stated only that it was for the recovery of $1783.86 "Of improper seizure of funds from accounts 8–19–98." The action was ultimately removed to this Court.

Due to the abbreviated nature of complaints in small claims court, it is impossible to ascertain from Plaintiff's complaint alone the exact nature of his action. Although Plaintiff pled no facts to support his claim, from the papers subsequently filed by the parties and from Plaintiff's representations at oral argument, it has become clear to the Court that Plaintiff's complaint is based on the following facts: Minugh and Rice are employees of the Educational Employees Credit Union ("EECU"), with which Plaintiff had an account. Minugh and Rice honored an IRS notice of levy for delinquent taxes issued by Brown, an IRS employee, against Plaintiff's account.

Minugh and Rice and the United States filed separate motions to dismiss Plaintiff's complaint. Minugh and Rice move to dismiss the complaint on the grounds that: (1) Defendants are discharged from any liability to Plaintiff under IRC Section 6332(e); and (2) Plaintiff has alleged no basis for the personal or independent liability of Minugh and Rice. In the alternative, Minugh and Rice move the Court for a more definite statement. The United States moves the Court to dismiss on the grounds that: (1) the United States and not Brown is the proper party in this matter; and (2) the Court lacks subject matter jurisdiction over Plaintiff's complaint because the United States has not waived sovereign immunity.

Plaintiff responded by filing a motion to dismiss Minugh's and Brown's motion to dismiss [1], and a motion to remand. Plaintiff did not file an opposition to the United States' motion to dismiss.

## II. MOTION TO REMAND

Plaintiff asserts that he "refuses to approve the movement of this case from the inferior court to the district court." Plaintiff does not seem to understand that his approval is not required.

Plaintiff further contends that his case should be remanded because "the present jurisdictional amount for diversity actions in the federal district court is $50,000.00." [2] Plaintiff's argument is of no moment since Defendants relied on federal question jurisdiction to remove the current action.

At oral argument, Plaintiff also argued that the case should be remanded because: the action is against the three Defendants in their personal capacities; Plaintiff is being treated as an attorney by being required to appear in federal court; and the action is for substantially less than $5,000. All of these arguments are frivolous.

Accordingly, Plaintiff's motion to remand is denied.

## III. MOTION TO DISMISS

The motion to dismiss for failure to state a claim is rarely granted—it is possible only in "extraordinary" cases. *See United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981); William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 9:210 (The Rutter Group 1997).

 The court, unless it chooses to convert the motion to one for summary judgment, cannot consider evidence outside the complaint. *See Levine v. Diamanthuset,* 950 F.2d 1478, 1482 (9th Cir.1991). Exceptions to this rule are documents attached to the complaint and incorporated by reference, *see Kaufman & Broad–South Bay v. Unisys Corp.,* 822 F.Supp. 1468, 1472 (N.D.Cal.1993), documents referred to in the complaint that are authentic and central to the party's claim, *see Branch v. Tunnell,* 14 F.3d 449, 454 (9th

---

1. Plaintiff apparently intended this document to be an Opposition to Minugh's and Rice's Motion to Dismiss.

2. Actually, the current jurisdictional amount in a diversity action is $75,000.

Cir.1994), and matters of which the court may take judicial notice, *see MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986).

The complaint must be construed in the light most favorable to the plaintiff. *See Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In reviewing an FRCP 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). This is so no matter how improbable the facts alleged. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The question of plaintiff's ability to prove his or her allegations is generally of no concern in ruling on an FRCP 12(b)(6) motion. *See Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996); Schwarzer, et al., supra, at ¶ 9:218.

█ Courts need also assume that all general allegations "embrace whatever specific facts might be necessary to support them," *see Peloza v. Capistrano Unified School Dist.,* 37 F.3d 517, 521 (9th Cir.1994), but need not accept as true "conclusory allegations," *see Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

### A. *Minugh and Rice's Motion*

Minugh and Rice move the Court to dismiss Plaintiff's complaint on the grounds that: (1) they are discharged from any liability to Plaintiff under IRC Section 6332(e) because they were acting within the scope of their employment with the EECU in receiving and honoring a Notice of Levy received from the Department of Treasury, which was directed against Plaintiff's property and rights to property held by the EECU; and (2) Plaintiff has alleged no basis for the personal or independent liability of Minugh or Rice.

In response to Defendants' "motion to dismiss," Plaintiff filed a motion to dismiss requesting that the Court:

dismiss defendant's "Motion to Dismiss" on the grounds that defendants disregarded the directives of Sections 6331 and 6332 of the Bureau of Alcohol, Tobacco and Firearms (BATF) portion of Title 26, Internal Revenue Code.

Plaintiff explains that:

The "improper seizure" of his funds occurred on 19 August 1988.... The defendants, ... Minugh ... and Rice, ... were responsible for the processing of this seizure.... They had received IRS Form 668–A, "Notice of Levy" and were incorrectly instructed by IRS agent, M. Brown, to treat it as IRS Form 668–B, "Levy", which must be filed subsequently.

Plaintiff further argues that: (1) the IRS levy required the judgment of a court, which the IRS did not have[3]; and (2) he was not given proper notice of the levy in accordance with IRC Section 6331(d)[4] because the Secretary of Treasury himself did not provide the notice, and the Secretary's agent (Brown) is required to provide a "Delegation of Authority" certifying the agent's authority[5].

---

3. This contention is incorrect. *See Maisano v. United States,* 908 F.2d 408, 409 (9th Cir. 1990).

4. IRC Section 6331(d) provides that "Levy may be made ... upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy."

5. Plaintiff demands a delegation of authority certifying M. Brown's status. Plaintiff also contends that M. Brown's use of a pseudonym would violate Federal Rules 44, 56, 801, 803 and 28 U.S.C. § 1783, and would nullify any document she signed including a "Delegation of Authority." Plaintiff's contentions are frivolous.

### 1. *IRC Section 6332(e)*

■ IRC Section 6332(e) states:

EFFECT OF HONORING LEVY. Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary ... shall be discharged from aby obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

Defendants contend that they are discharged from liability under this Section because they properly honored the IRS Levy.

■ In response, Plaintiff suggests that no "demand" was ever made by the Secretary. However, Plaintiff attached a copy of the Notice of Levy from Brown to his Complaint. A personal demand from the Secretary is not required.

■ Plaintiff further suggests that Defendants improperly honored a Notice of Levy instead of an actual Levy. However, a notice of levy is the proper method of effecting a levy upon a bank account.[6] *See, e.g., United States v. Donahue Indus., Inc.,* 905 F.2d 1325, 1329 (9th Cir.1990). Accordingly, Plaintiff's contentions fail, and Minugh and Rice are entitled to rely on Section 6332(e) as a complete defense to Plaintiff's action.

### 2. *No Basis For Individual Liability*

■ Minugh and Rice further argue that Plaintiff has alleged no basis for their independent liability because all of Defendants' actions took place within the context of their employment with the EECU, and under the doctrine of "manager's privilege" they cannot be held personally liable for acts performed on behalf of a corpora-

tion for which they are officers, agents or employees. *See, e.g., Marin v. Jacuzzi,* 224 Cal.App.2d 549, 554, 36 Cal.Rptr. 880 (1964).

In response to this argument, Plaintiff requests a certified description of Defendants' job duties at EECU, the specific privileges and statutory basis for the doctrine of "manager's privilege," and a copy of the contract between the Defendants and their attorney in this matter. Plaintiff, however, is entitled to none of this.

The Court agrees with Minugh and Rice that there is no basis for their individual liability, and, as mentioned above, they are entitled to rely on Section 6332(e) as a complete defense to Plaintiff's action. Accordingly, Minugh's and Rice's Motion to Dismiss is granted.

### B. *The United States'/Brown's Motion*

### 1. *United States As Proper Defendant*

■ Plaintiff named M. Brown, an IRS employee, as a defendant in his complaint. The United States contends that Brown was acting within the scope of her employment at all times with reference to Plaintiff's allegations, and thus the United States is the proper defendant.

■ The United States' contention is correct. So long as the judgment on a complaint would operate as a judgment against an individual defendant in her official capacity, the suit is considered to be one against the United States. *See, e.g., Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) (action is against the sovereign if the "essential nature and effect of the proceeding [is] such as to make plain that the judgment sought would expend itself on the public treasury or domain ..."), overruled by implication on other grounds, *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69

---

6. Plaintiff attempted to present authority to the effect that the Notice of Levy was not the appropriate form to effectuate the Levy. However, the authority cited by Plaintiff at the hearing is inapposite. *See, e.g., Goodwin v.* *United States,* 935 F.2d 1061 (9th Cir.1991) (holding that actual notice of seizure was insufficient to comply with IRC Section 6335 requiring notice by certified mail).

S.Ct. 1457, 93 L.Ed. 1628 (1949); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985) ("a suit against IRS employees in their official capacity is essentially a suit against the United States").

Plaintiff sued Brown because of her actions in issuing and enforcing the Notice of Levy. Clearly these actions fall within the scope of Brown's official duties, and any judgment against her would operate as a judgment against her in her official capacity. Thus, the United States, not Brown, is the proper party in this action.

### 2. *Sovereign Immunity*

The United States contends that the Court lacks jurisdiction to hear this matter because the United States has not waived sovereign immunity, and thus the Complaint must be dismissed.

■ Under the doctrine of sovereign immunity, the United States may not be sued without its consent. *Gilbert, supra,* 756 F.2d at 1458. Where the United States has not consented to suit, the Court lacks jurisdiction over the subject matter of the action and dismissal is required. *Id.*

Here Plaintiff has not alleged that the United States has waived sovereign immunity. Nor did he point to any facts at the hearing to indicate that the United States has waived immunity. Accordingly, the United States is entitled to sovereign immunity, and the Court has no jurisdiction to hear Plaintiff's claim.

### 3. *No Other Basis For Jurisdiction*

The United States contends that no other bases for jurisdiction over this matter exists.

#### a. *The Federal Tort Claims Act*

■ The United States contends that the Federal Tort Claims Act ("FTCA") does not apply to waive sovereign immunity in this action because Plaintiff has alleged liability resulting only from tax collection, and the FTCA does not extend to any "claim arising in respect of the assessment or collection of any tax...." 28 U.S.C. § 2680(c). The United States further asserts that, even if Plaintiff could assert a claim under the FTCA,

Plaintiff has not alleged the filing of an administrative claim for damages, which is a prerequisite to the waiver of sovereign immunity. *See* 28 U.S.C. § 2675 ("An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied ...") *See also McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Cadwalder v. United States,* 45 F.3d 297, 300 (9th Cir.1995) ("The [FTCA] allows claimants to sue the government in district court provided that they first give the appropriate federal agency the opportunity to resolve the claim").

The government's contentions are correct. The FTCA does not apply to this case, and, even if it did, Plaintiff has not alleged that he has filed an administrative claim. Nor, in response to Defendants' contention at the hearing that Plaintiff had failed to file any administrative claim with respect to the matters presently at issue, did Plaintiff state that he filed any administrative claim before filing the instant action.

#### b. *Tax Refund Claim*

■ The United States contends that, although Plaintiff's complaint may be construed as an action for a tax refund, Plaintiff has not met the jurisdictional prerequisite for a tax refund suit because he has not alleged that he has fully paid the tax he seeks to recover. The United States further contends that the Court does not have jurisdiction to hear Plaintiff's complaint because he has not alleged that he filed an administrative claim, another prerequisite to jurisdiction.

Once again, the government's contention is correct. Plaintiff has not met the jurisdictional prerequisites to filing a tax refund claim because he has not alleged (nor can he allege) that he filed an administrative claim. *See, e.g.,* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained ... for the recovery of any internal

revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary...."). Accordingly, the government's motion to dismiss is granted.

JUDGMENT TO BE ENTERED.