[Civ. No. 20453.   First Dist., Div. Three.   Feb. 28, 1963.]

PAUL F. PERATI, Plaintiff and Appellant, v. BENNIE ATKINSON et al., Defendants and Respondents.

Paul F. Perati, in pro. per., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, Leonard M. Sperry, Jr., Deputy Attorney General, Robert E. Reed, Harry S. Fenton, Richard C. East and John W. Anderson for Defendants and Respondents.

DRAPER, P. J.—Plaintiff appeals from judgment of dismissal entered upon sustaining of demurrer to his first amended complaint. Despite its designation, this is the third pleading filed by plaintiff.

Plaintiff, a civil service toll collector, has appeared without counsel throughout. His pleading is diffuse. His basic grievance concerns a 1958 examination conducted by the State Personnel Board for promotion to the rank of toll sergeant. Plaintiff was first in the written test, but failed in the oral examination, and thus was disqualified. The complaint discloses that he secured a peremptory writ of mandate requiring the board to make and file findings. This was done, and plaintiff then secured another peremptory writ requiring that the board conduct a hearing as to whether specific code sections had been complied with. The ultimate result of that proceeding is not stated.

The present complaint seeks damages against personnel board members and others. Only Navarro demurred. The complaint alleges that: on January 8, 1960, he directed plaintiff to "watch for a possible 502," giving the license number of the suspected automobile; later he called over the loudspeaker to plaintiff "that's the car, hold him in the lane, take or get his car keys"; in fact, the driver was a woman, who gave no indication of intoxication. By clear inference, it is conceded that plaintiff did not attempt to stop the car. It is alleged that: Navarro then entered the fact of plaintiff's refusal in the official log; Navarro's acts were without authority, and his statements were knowingly untrue. ▆▆ At most, plaintiff seeks to assert Navarro's liability for injury to "business relations" by depriving plaintiff "of his right to the position of toll sergeant," and a liability for intentionally inflicting "emotional distress" upon plaintiff.

▆▆ Before recovery can be had for interference with a prospective business relationship or advantage, it must appear that the advantage would otherwise have been realized (*Wilson* v. *Loew's, Inc.,* 142 Cal.App.2d 183 [298 P.2d 152]).

Here the alleged wrongful acts of respondent occurred in 1960. The promotional examination was given in 1958. Navarro's acts obviously could not have affected the earlier examination result. It cannot be suggested that Navarro interfered with plaintiff's employment as a toll collector, since it is alleged that plaintiff still holds that position.

██ Intentional infliction of emotional distress, without physical trauma, can be a ground of liability (*State Rubbish etc. Assn.* v. *Siliznoff*, 38 Cal.2d 330 [240 P.2d 282]), but only when the defendant's conduct is "outrageous" (*id.* p. 338) ; or "has gone beyond all reasonable bounds of decency" (Rest., 1948 Supp., Torts, § 46, com. g). ██ Where, as here, physical harm has not resulted from the emotional distress, the courts "tend to look for more in the way of extreme outrage as an assurance that the mental disturbance claimed is not fictitious" (44 Cal. L.R. 40, 53). ██ The allegations here fall far short of "extreme outrage" (*id.* 44-45), and in the notable lack of any assertion of physical injury resulting from the barely claimed emotional distress, are insufficient to bring the case within the rule.

Plaintiff argues the sufficiency of his complaint against other defendants. Here we are concerned only with respondent Navarro. As to him, no cause of action is stated.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1963.