[Civ. No. 21598. First Dist., Div. Three. Jan. 22, 1965.]

VICTOR AGOSTINI, Plaintiff and Appellant, v. THOMAS F. STRYCULA et al., Defendants and Respondents.

C. L. Keck and Ollie M. Marie-Victoire for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, Thomas A. Toomey, Jr., Assistant Chief Deputy City Attorney, and Beatrice Challiss Laws, Deputy City Attorney, for Defendants and Respondents.

SALSMAN, J.—The trial court sustained a general demurrer to appellant's first complaint and refused leave to amend. This appeal is from the judgment thereafter entered. We have concluded that the trial court's action was correct and that the judgment must be affirmed.

Appellant does not contend that his complaint as written states any cause of action. He does assert, however, that given an opportunity, he could amend to state a cause of action. ▮ Generally, sustaining a demurrer to a party's first complaint and refusing leave to amend is unwarranted if there is some probability that the complaint may be amended to state a cause of action. (*Wennerholm* v. *Stanford University School of Medicine*, 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358]; *Loper* v. *Flynn*, 72 Cal.App.2d 619, 625 [165 P.2d 256]; 2 Witkin, Cal. Procedure (1954) pp. 1496-1497.) ▮ On the record before us, however, it is clear that appellant cannot amend his complaint so as to state any cause of action.

Six causes of action are attempted to be stated in the complaint. Only the first two are involved in this appeal.

Appellant's first alleged cause of action stated that prior to May 9 and 10, 1962, he was "employed as Group Supervisor with designation of T-35 by the City and County of San Francisco in the Civil Service". Appellant further alleged that on the dates mentioned respondents and each of them did "intentionally, wilfully, maliciously and falsely issue and cause to be issued oral and written statements that plaintiff was unsuited for duties involving group supervision of children because of insubordination and for other untrue reasons." It was further alleged that "all of the acts complained of . . . were outside the scope and agency relationship or employment of the defendants . . . with the City and County of San Francisco; that said acts were the personal and individual acts of the defendants. . . ." Finally it was alleged that "As a proximate result of said intentional, willful, malicious and false acts of defendants . . . plaintiff has sustained . . . shock and emotional distress."

Appellant's second alleged cause of action described his employment status and realleged by reference to the first cause of action the statements said to have been made by respondents. It stated further that prior to May 9 and 10, 1962, "plaintiff was the holder and owner of certain property rights as to income and retirement benefits. . . ." under the City and County of San Francisco Civil Service. Finally, the second alleged cause of action concluded that "As a proximate result of the intentional, willful, malicious and false acts of the defendants . . ." appellant's property rights had been damaged.

■ Respondents correctly contend that we may take judicial notice of the provisions of the charter of the City and County of San Francisco (*Clark* v. *City of Pasadena,* 102 Cal.App.2d 198, 200 [227 P.2d 306]; Witkin, Cal. Evidence (1958) § 47, p. 62) and of the records and proceedings of the San Francisco Civil Service Commission. (Code Civ. Proc., § 1875 subd. 3; *Watson* v. *Los Altos School Dist.,* 149 Cal.App.2d 768, 772 [308 P.2d 872].) ■ Facts judicially noticed may be used to support a demurrer. (*Chavez* v. *Times-Mirror Co.,* 185 Cal. 20, 23 [195 P. 666]; *People* v. *Oakland Water Front Co.,* 118 Cal. 234, 245 [50 P. 305]; *Wilson* v. *Loew's, Inc.,* 142 Cal.App.2d 183, 187-188 [298 P.2d 152].) ■ Here, respondents have properly brought to our attention and lodged with the court the relevant

documents and records subject to judicial notice and which support the trial court's action in ruling on respondents' demurrer. (See *Flores* v. *Arroyo*, 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263].)

The records of the Civil Service Commission of the City and County of San Francisco establish that appellant held the position of a T-35 Group Supervisor at the Youth Guidance Center; that his duties included "care and custody of children . . . under the jurisdiction of the Juvenile Court," including responsibility for the care, safety and personal conduct of such children. Those records also disclose that appellant was suspended from his duties on April 23, 1962, on a charge of insubordination growing out of the alleged infliction of corporal punishment upon a child under his care; that a hearing was held by respondent Strycula, appellant's appointing officer, of which hearing appellant had due notice; that appellant was represented by counsel at the hearing and was sworn as a witness and testified fully in his own behalf; that respondents, other than Strycula, testified at the hearing and by their sworn testimony generally supported the charges that appellant had used corporal punishment as discipline, in violation of standing rules and instructions. Appellant was found guilty of the charges and dismissed from the Civil Service. He appealed to the Civil Service Commission, and after consideration of the hearing transcript and a brief filed by appellant's attorney, the commission confirmed the dismissal.

Although appellant alleges that the acts of respondents were their personal acts and outside the "scope and agency relationship" with the City and County of San Francisco, the trial court was not bound by such allegations, nor are we. These allegations are contradicted by the averments made by appellant in his fifth alleged cause of action in which it is declared that the City and County of San Francisco "negligently employed and supervised employment" of respondents. Moreover, the job specifications of all respondents, which we have judicially noticed, make clear that their duties relate to the proper care and welfare of children under the jurisdiction of the juvenile court. Appellant was charged with similar responsibilities. Whether or not he was suited for the discharge of such duties was a proper matter of concern for all respondents, and it is clear that the acts of which appellant complains were in accordance with their responsibilities.

Appellant's first alleged cause of action is one for an intentional infliction of emotional distress. It is thus described in section 46 of the Restatement of Torts [1948 Supp.]: "One who, without a privilege to do so, intentionally causes severe emotional distress to another is liable (a) for such emotional distress, and (b) for bodily harm resulting from it." The 1957 draft of section 46 of the Restatement Second of Torts describes the liability sought to be invoked by appellant's first alleged cause of action thus: "Outrageous Conduct Causing Severe Emotional Distress. (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from it."

It is apparent from the record before us that appellant cannot state any cause of action for an alleged intentional infliction of emotional distress. Appellant's claims are based upon statements made by respondents in connection with charges against him, questioning his suitability for the discharge of his duties as a supervisor of children. Each of the rsepondents is also involved in the care and protection of children coming under the jurisdiction of the juvenile court. When called as a witness, each was under a duty to state fully and fairly such facts as were within his knowledge bearing upon the subject under investigation. In actions for defamation, statements made in an official proceeding authorized by law are privileged. (Civ. Code, § 47, subd. 2). We recognize, of course, that appellant has not attempted to state a cause of action for defamation. Nevertheless, the statements complained of here were made by respondents in the course of an official proceeding, and privilege, analogous to that described in Civil Code section 47, subdivision 2, protects them from liability for a claimed intentional infliction of emotional distress as a result of such statements.

Moreover, under language used in the 1957 draft of section 46 of the Restatement Second of Torts, quoted *supra,* extreme and outrageous conduct is required before liability arises. Comment (d) explains certain conditions under which liability may arise and concludes: "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim 'Outrageous!' " (See *Perati* v. *Atkinson,* 213 Cal.App.2d 472, 474 [28 Cal.Rptr. 898]; Pros-

ser, *Insult and Outrage*, 44 Cal.L.R. 40, 43-44.) No such facts can be pleaded here.

 Appellant's second alleged cause of action concerns claimed conduct on the part of respondents which it is alleged damaged appellant's rights to income and retirement under the Civil Service. Appellant argues that respondents' conduct induced the City and County of San Francisco to breach its contract of employment with him and that respondents are liable for such conduct. (See *Imperial Ice. Co. v. Rossier*, 18 Cal.2d 33 [112 P.2d 631].) Here no cause of action is or can be stated. To be actionable, inducement of breach must be unprivileged. (See *Mallard v. Boring*, 182 Cal.App.2d 390, 393 [6 Cal.Rptr. 171].) The same privilege which respondents successfully assert against the charge of wrongful infliction of emotional distress protects them against the charge of wrongfully inducing the City and County of San Francisco to breach its contract of employment with appellant.

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.