[Civ. No. 32319.   Second Dist., Div. Four.   Dec. 26, 1968.]

EDWARD CORNBLITH, Plaintiff and Appellant, v. FIRST MAINTENANCE SUPPLY CO., INC., et al., Defendants and Respondents.

Phill Silver for Plaintiff and Appellant.

Persion & Margolis and Gerald A. Margolis for Defendants and Respondents.

JEFFERSON, J.—Plaintiff appeals from the judgment of dismissal entered upon the sustaining of defendants' demurrer to his complaint for damages for intentional infliction of emotional distress. The demurrer was sustained without leave to amend when plaintiff indicated to the court that he was unable to more strongly plead a cause of action.

In the complaint plaintiff alleges that he worked, under a written agreement of employment, as an outside commission salesman for defendant First Maintenance Supply Co.; defendant Fleischman was one of its officers. The complaint further alleges that defendant Fleischman, while in the course and scope of his employment and for the purpose of undermining plaintiff's morale and to cause him to terminate his employment, did the following acts: (1) He refused to permit a particular fellow employee to service plaintiff's accounts while plaintiff was recovering from injuries suffered in an automobile accident; (2) thereafter, when plaintiff had returned to part time work, he admonished another salesman not to give plaintiff any help; (3) subsequently, he informed other employees not to follow the customary procedure of taking phone orders from plaintiff, thereby requiring plaintiff to mail or personally bring in his orders; (4) and, finally, he failed to respond to plaintiff's written demand that his conduct and attitude (and that of the other employees of defendant) toward plaintiff be changed.

The complaint contains the additional general allegations that Fleischman's acts against plaintiff were inflicted with malice and with the intent to injure him mentally and emotionally; and that, as a consequence of defendant's acts, plaintiff "suffered humiliation and severe emotional distress, all of which makes him nervous."

The trial court correctly concluded that plaintiff's complaint fails to state a cause of action. "Intentional infliction of emotional distress, without physical trauma, can be a ground of liability (*State Rubbish etc. Assn.* v. *Siliznoff,* 38 Cal.2d 330 [240 P.2d 282]), but only when the defendant's conduct is 'outrageous' (*id.* p. 338); or 'has gone beyond all reasonable bounds of decency' (Rest., 1948 Supp., Torts, § 46, com. g)." (*Perati* v. *Atkinson,* 213 Cal.App.2d 472, 474 [28 Cal.Rptr. 898]; see also *Spackman* v. *Good,* 245 Cal. App.2d 518, 528-529 [54 Cal.Rptr. 78].) The conduct alleged against defendants does not fall into the category of conduct which could be described as "outrageous" or that which "has gone beyond all reasonable bounds of decency." As the employer of plaintiff and his fellow salesman, defendant Fleischman was entitled to direct their job activities and determine office procedure.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.