Ethel **JIMISON** and Ray Jimison, Plaintiffs-Apellants,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 22702.

United States Court of Appeals, Ninth Circuit.

June 15, 1970.

**1134**

he first car until, while traveling 55–60 mph, he saw the first car about 130 feet ahead of him, stopped.

Dale Cox (argued), of McDonough & Cox, Glendive, Mont., Gene Huntley (argued), Baker, Mont., for plaintiffs-appellants.

Eugene Lalonde (argued), Asst. U. S. Atty., Otis L. Packwood, U. S. Atty., Clifford E. Schleusner, Asst. U. S. Atty., Billings, Mont., for defendant-appellee.

Before BROWNING and CARTER, Circuit Judges, and PENCE,* District Judge.

PER CURIAM:

In July 1963, in Montana, a government employee placed an obstruction in one lane of a two-lane bridge, without complying with Montana's applicable laws on warning signs. About midday, with weather clear and dry, with visibility good and unobstructed for a distance of about one-half mile along a straight road to the bridge, the driver of the car in which plaintiffs were riding had no problem in seeing the obstruction ahead, and gradually bringing his car to a halt. After from 4 to 10 seconds had then passed, a second car coming along that same straight road rear-ended the first car, injuring plaintiffs.

This second driver testified that he never at any time saw the obstruction or the first car until, while traveling 55–60 mph, he saw the first car about 130 feet ahead of him, stopped.

Plaintiffs sued the United States on the theory that the negligent failure of its employee to maintain the warnings of highway obstruction required by Montana statutes was the proximate cause of the collision and plaintiffs' injuries.

Upon trial, the trial judge, Honorable William Jameson, long familiar with Montana law, found that the driver of the second car had clear and unobstructed view of both the first car and the obstruction on the bridge for at least a half mile, and then held that under Montana law it was that driver's duty to see what was in plain sight, with the legal effect then, that he was in a position of having actually seen the obstruction in ample time to have avoided running into the first car. The judge then held that this negligence was the sole proximate cause of the accident, exonerating the United States. This appeal followed.

The trial court's decision, Jimison v. United States, 267 F.Supp. 674 (D.Mont. 1967), makes manifest that there being no Montana case squarely in point, the judge carefully and fully evaluated Montana cases, as well as those of other jurisdictions, along with Restatement, Torts, 2d. §§ 440–53, and then ruled that the law of Montana, when applied to the facts before him, denied recovery from the United States.

This court, like the trial court, recognizes that there are decisions in this area of negligence law in other jurisdictions that are conflicting with that of the district court, but since we cannot say that the decision of the district judge is clearly wrong, we accept it as a correct statement of the applicable law of Montana. Bellon v. Heinzig, 347 F.2d 4, 6, n. 3 (9th Cir. 1965).

Affirmed.

---

* The Honorable Martin Pence, United States District Judge for the District of Hawaii, sitting by designation.