Francis W. CROSSEN, Plaintiff,

v.

FOREMOST–McKESSON, INC., a foreign corporation, and Charles St. Clair, Defendants.

No. C–80–4567 SC.

United States District Court, N. D. California.

April 28, 1982.

Cartwright, Sucherman, Slobodin & Fowler, Inc., Philip Borowsky, San Francisco, Cal., for plaintiff.

Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants.

## ORDER RE MOTION FOR SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiff Francis W. Crossen brought this action against Foremost-McKesson, Inc. ("Foremost") and Charles St. Clair, former Vice-President, Operations, of Foremost, alleging that he had been wrongfully dis-

charged from his employment as managing director of Foremost Dairies (Bangkok) Ltd. ("FDB"), a foreign operation of Foremost in Thailand. Presently before the court is defendants' motion for summary judgment.

Plaintiff was employed in various capacities with Foremost from 1960 to 1966, and again during 1968. In July 1974, he resumed employment with Foremost, pursuant to an employment agreement ("1974 agreement"), as managing director of IN-DARL, Okinawa, another foreign operation of Foremost. In the fall of 1977, Foremost created a new position, Vice-President, Operations, to oversee the operations of nine foreign plants, including FDB. Defendant St. Clair, the former managing director of FDB, was promoted to fill this new position. On October 28, 1977, plaintiff was extended a written offer, in the form of an assignment agreement, to assume the vacated position of managing director of FDB. On November 11, 1977, plaintiff accepted the assignment by executing the form of agreement ("1977 agreement"), and returning it to Foremost.

By letter dated November 29, 1978, plaintiff was notified that his employment with Foremost was terminated. The effective termination date was given as May 31, 1979, with salary to be paid through that date.

## I

In deciding this motion, the court is bound by the substantive law of the State of California. *Erie Railway Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Under California law, where a contract is unambiguous, the construction of the agreement is a question of law for the court. *United States Leasing Corp. v. DuPont*, 69 Cal.2d 275, 284, 444 P.2d 65, 70 Cal.Rptr. 393 (1968); *Larsen v. Johannes*, 7 Cal.App.3d 491, 500, 86 Cal. Rptr. 744 (1970).

The 1974 agreement provides that:

... either of us may terminate my employment upon either party giving notice to the other in accordance with our personnel policies then in effect ...

The 1977 agreement provides that:

Your service ... may be terminated at any time on 60 days' written notice by either party. Should you be dismissed for cause, no notice shall be given ...

██ Under California law, a subsequent written contract serves to alter a prior written contract. Cal.Civ.Code § 1698. Here, the 1977 alteration of the notice requirement, supercedes the language in the 1974 agreement referring to Foremost's personnel policies. The meaning of the 1977 agreement—that is, the agreement governing plaintiff's termination in 1978—is that plaintiff could be terminated without cause on 60 days' written notice, or with cause on no notice. Plaintiff was, in fact, given more than 180 days notice before his effective termination date of May 31, 1979, so that, under the contract's express terms, no cause requirement applied.

In *Cleary v. American Airlines, Inc.*, 111 Cal.App.3d 443, 456, 168 Cal.Rptr. 722 (1980), and *Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311, 329, 171 Cal.Rptr. 917 (1981), the California courts derived, from the implied-in-law covenant of good faith and fair dealing, a requirement, under certain circumstances, that an at-will employee can only be discharged for just cause. Such a requirement, however, is inapposite on the facts of this case. There cannot be a valid, express contract, and an implied contract each embracing the same subject but requiring different results. *Wal-Noon Corp. v. Hill*, 45 Cal.App.3d 605, 613, 119 Cal.Rptr. 646 (1975). A cause requirement which could possibly be implied under *Cleary* and *Pugh* must give way to the express terms of the 1977 agreement, which dictates the circumstances under which termination for cause or without cause is permissible.

## II

██ The facts plaintiff has alleged, however, present the court with a somewhat different issue, one which is not only of first impression in California, but which also has no ascertainable precedent in any

other American jurisdiction. In such an instance, this court must apply the law as it would be enunciated by the Supreme Court of California, if that court were presented with similar facts. *Erie Railway Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Jimison v. United States*, 427 F.2d 1133, 1134 (9th Cir. 1970).

Plaintiff alleges that he was discharged because he sought to correct violations of Thailand law which had existed under the management of his predecessor, Charles St. Clair. The violations of law which plaintiff states he observed and which he purportedly was requested by defendants, either explicitly or implicitly, to continue, include:

(1) Making false statements on factory license applications to the Thai government incidental to seeking approval of expansion of factory facilities;

(2) Violating certain sanitary laws controlling the manner in which milk and ice cream were transported to various customers;

(3) Bribing Thai government officials and police to terminate criminal investigations and to obtain special treatment in the processing of certain government licenses;

(4) Misrepresenting the financial condition and projected income of ice cream parlors to prospective Thai franchisees;

(5) Violating Thai exchange control regulations;

(6) Submitting falsified tax returns to the Thai government.

Plaintiff further asserts that, if he had continued in some or all of these activities, he would have been personally exposed to criminal penalties, including imprisonment, under the laws of Thailand. Defendants do not contest this assertion in their summary judgment motion.

■ The implied-in-law covenant of good faith and fair dealing is inherent in every contract including the employment contract between plaintiff and Foremost. *Cancellier v. Federated Department Stores*, 672 F.2d 1312 at 1317–18 (9th Cir. 1982); *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 179

n.13, 610 P.2d 1330, 164 Cal.Rptr. 839 (1980); *Cleary v. American Airlines, Inc.*, 111 Cal. App.3d at 455, 168 Cal.Rptr. 722. The court in *Tameny* cited two cases from other jurisdictions which have found an employee's discharge violative of the implied covenant. In *Fortune v. National Cash Register Co.*, 373 Mass. 96, 364 N.E.2d 1251, 1257 (1977), the court held that an employer acts in bad faith when he terminates an employee to avoid paying a commission on a sale the employee is on the brink of concluding. In *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549, 551 (1974), the court held that an employer acts in bad faith when he terminates a female employee for refusing to go out with him. Although the court in *Tameny* was not directly addressing the applicability of the implied-in-law covenant of good faith and fair dealing, the citation to *Fortune* and *Monge* indicates that the covenant encompasses more than the just cause requirement implied into certain at-will employment contracts under *Cleary* and *Pugh.* Consistent with this broad interpretation of the implied covenant, plaintiff's allegation that he was discharged for refusing to personally violate Thai law, and thereby subject himself to the risk of imprisonment, establishes a cause of action for breach of the implied-in-law covenant of good faith and fair dealing, and if proved will entitle him to relief in both contract and tort. *See Tameny v. Atlantic Richfield Co.*, 27 Cal.3d at 179, n.12, 610 P.2d 1330, 164 Cal.Rptr. 839; *Cleary v. American Airlines, Inc.*, 111 Cal.App.3d at 456, 168 Cal. Rptr. 722.

Defendants assert in their motion for summary judgment that, as a factual matter, plaintiff was discharged, not because he refused to engage in violations of Thai law, but because of the disrespectful and disruptive letters sent by plaintiff to various superiors.

Summary judgment is proper only where there is no issue of material fact or where, viewing the evidence and the inferences that may be drawn in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of

law. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 543 (9th Cir. 1975); *Caplan v. Roberts*, 506 F.2d 1039, 1042 (9th Cir. 1974). On a motion for summary judgment, the trial court does not try issues of fact. Examining the entire record it decides the limited question of whether any factual issue exists. *Radobenko v. Automated Equipment Corp.*, 520 F.2d at 543. The moving party has the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

█ It is undisputed that the enunciated reason given plaintiff for his termination was his failure "to accept Mr. St. Clair as his boss." The issue, however, is the motivation of Foremost in the decision to terminate. The court must be particularly cautious in deciding a summary judgment motion where issues of intent or motivation are involved. *Haydon v. Rand Corp.*, 605 F.2d 453, 455 n.2 (9th Cir. 1979). There is evidence through the deposition testimony of Foremost's personnel director, Mr. Roland Cleveland, that plaintiff received continual promotions within Foremost and laudatory statements in his personnel records through September 1978, even though certain conflicts arose during plaintiff's tenure as managing director of the operation in Okinawa. It was only after he assumed the Thailand position and observed and allegedly attempted to change the practices of his predecessor that he was relieved. Although the weight of the deposition testimony may be against plaintiff on the issue of the motivation for his termination, it cannot be said that, given plaintiff's testimony and the circumstantial evidence and inferences in his favor, there is no genuine issue of material fact on the question of motivation. Summary judgment must therefore be denied.

### III

Plaintiff has also raised a cause of action for retaliatory or wrongful discharge under *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 610 P.2d 1330, 164 Cal.Rptr. 839 (1980), based on a violation of California public policy. The alleged public policy violation is purportedly demonstrated by Foremost's termination of plaintiff for refusing to violate the laws of Thailand, California, and the United States. The alleged violations of California and federal laws incorporate acts which, if undertaken, must also violate Thai law. Specifically, the alleged bribery which plaintiff asserts violates the Foreign Corrupt Practices Act, 15 U.S.C. § 78dd–1, –2, and the alleged misrepresentations to Thai franchisees which, when communicated to California shareholders, plaintiff asserts would violate Cal.Corp.Code § 2254, are predicated on the violations of Thai law already alleged as constituting a breach of the implied covenant of good faith and fair dealing. Because the elements of a cause of action for retaliatory discharge under *Tameny* in this context would not differ from the elements of a breach of implied covenant action, and because damages are available under both contract and tort, a separate discussion of retaliatory discharge in this case is unnecessary. *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d at 179 n.12, 610 P.2d 1330, 164 Cal.Rptr. 839. Moreover, because on these facts the retaliatory discharge issue would produce an additional question not yet decided by the California courts, it is incumbent upon this court to avoid that issue where its decision is not required.

Because the court does not now address the retaliatory discharge issue, the statute of limitations for that cause of action need not be determined. The statute of limitations for breach of an implied-in-law covenant of good faith and fair dealing is two years from the date the cause of action accrued. Cal.Civ.Proc.Code § 339(1); *Richardson v. Allstate Insurance Co.*, 117 Cal. App.3d 8, 13, 172 Cal.Rptr. 423 (1981). Here, the cause of action accrued no earlier than November 29, 1978, the date of plaintiff's termination letter, which was less than two years from the date this case was filed, May 31, 1980.

### IV

Plaintiff's complaint states that he "was, and was caused to be, wrongfully and mali-

**1080**

ciously discharged from his employment by defendants." Although he concedes that defendant St. Clair cannot be held liable for his wrongful discharge as St. Clair was not a party to the employment agreement, he asserts that the complaint states a cause of action against St. Clair for the tort of interference with contractual relations. Assuming *arguendo* that the language "was caused to be" in the complaint asserts such a claim, it is not one upon which relief can be granted.

Plaintiff's complaint states "[t]hat the defendant, Charles St. Clair, was at all times material herein the agent and employee of Foremost-McKesson, acting for and on behalf of said corporation and within the scope of his employment." In *Wise v. Southern Pacific Co.*, 223 Cal.App.2d 50, 72–73, 35 Cal.Rptr. 652 (1963), the court dismissed a cause of action for inducing breach of an employment contract because

corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract.... [B]eing in a confidential relationship to the corporation their action in this respect is privileged. The inducement of the breach to be actionable must be both wrongful and unprivileged.

Plaintiff cites *Cleary v. American Airlines, Inc.*, 111 Cal.App.3d at 456–57, 168 Cal.Rptr. 722, for the proposition that fellow employees can be sued for such wrongful inducement. In *Cleary*, the court supported a plaintiff's cause of action based on *Wise* and *Mayes v. Sturdy Northern Sales, Inc.*, 91 Cal.App.3d 69, 77–78, 154 Cal.Rptr. 43 (1979). In *Mayes*, the court explained the difference between *Cleary* and *Wise*. As in this case, the plaintiff's complaint in *Wise* alleged that the individual defendants acted within the scope of their employment as agents of the corporation. On the other hand, in *Cleary* and *Mayes*, such an allegation was missing.

■■ Privilege is an affirmative defense to a cause of action for interference with contractual relations, and therefore must be proven by the defendant. However, the

privilege defense has been established in the instant case, as it was in *Wise*, because the essential requirement for privilege, action within the scope of employment and not for any individual advantage, was alleged in plaintiff's complaint. *Id.*, 223 Cal. App.2d at 78, 35 Cal.Rptr. 652. *Wise* therefore precludes plaintiff's cause of action against defendant St. Clair.

In accordance with the foregoing, it is hereby ordered that the motion for summary judgment as to defendant Foremost-McKesson, Inc. is denied, and the motion for summary judgment as to Charles St. Clair is granted.