**Ann Marie CRAIN, Plaintiff,**

v.

**BURROUGHS CORPORATION, a Michigan Corporation, Does 1 through 50, inclusive, Defendants.**

**No. 82 4582 AAH (Bx).**

United States District Court, C.D. California.

April 7, 1983.

Joel Warren, Sanford M. Gage, Beverly Hills, Cal., for plaintiff.

Epstein, Becker, Borsody & Green by James P. Mulkeen, Los Angeles, Cal., for defendants.

## FINDINGS OF FACT; CONCLUSIONS OF LAW

HAUK, Senior District Judge.

Plaintiff Ann Marie Crain filed the instant Complaint against Defendant Burroughs Corporation alleging breach of an employment contract, intentional infliction of emotional distress and age discrimination in employment pursuant to California Government Code Section 12941. The instant action was removed from the Superior Court for Orange County to this Court on the grounds of diversity of jurisdiction. Defendant Burroughs Corporation has filed a Motion for Summary Judgment in its favor on the First, Second, and Third Causes of Action on the grounds that Plaintiff's own written employment contract clearly allowed for her dismissal at any time without cause and thus removed any issue of whether Plaintiff's discharge was wrongful or without cause.

This Court has considered the papers, evidence and arguments of the parties and hereby enters the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Plaintiff Ann Marie Crain was hired by Defendant Burroughs Corporation on December 17, 1979. Complaint at Paragraph 5. Defendant's Answer at Paragraph 5.

2. On January 3, 1980 Plaintiff and Defendant signed a written employment contract in which Plaintiff was given the position of Marketing Management Trainee. Exhibit A to Defendant's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment (hereinafter referred to as "Motion").

3. Paragraph 19 of the January 3, 1980 employment contract provided that either Plaintiff or Defendant could cancel and terminate the contract at any time. Exhibit A to Defendant's Motion.

4. Paragraph 22 of the January 3, 1980 employment contract provided that there were no oral agreements or understandings affecting the contract in existence. Paragraph 22 further provided that no alteration or variation of the terms of the contract would be valid or binding unless made in writing and signed by both parties. Exhibit A to Defendant's Motion.

5. Paragraph 23 of the January 3, 1980 employment contract provided that the agreement superseded and annulled all other employment and/or commission contracts between the parties and that the contract was to be construed according to the laws of the State of Michigan. Exhibit A to Defendant's Motion.

6. Plaintiff and Defendant entered into two subsequent written employment agreements on April 24, 1980 and January 9, 1981 that contained provisions identical to the January 3, 1980 contract provisions described above. Exhibits B and C of Defendant's Motion.

7. In March of 1981 Defendant ceased using separate contracts for each type of sales employee and initiated the use of a combined contract/personnel action notice, titled the Sales Representative Agreement/P.A.N. Exhibit D of Defendant's Motion.

8. Paragraph 10 of the Sales Representative Agreement/P.A.N. states that this agreement supersedes all other commission or employment contracts between the parties and that the contract is to be construed according to the laws of the State of Michigan. Exhibit E of Defendant's Motion.

9. Paragraph 9 of the Sales Representative Agreement/P.A.N., printed in darker, enlarged print, states that Defendant has the sole discretion to determine the duration of the employment of a sales representative and shall continue to employ sales representatives only for as long as Defendant desires his/her services. Exhibit E of Defendant's Motion.

10. Paragraph 9 of the Sales Representative Agreement/P.A.N., provides that its provisions supersede Paragraph 3, which provides for the inclusion of all applicable portions of the Field Marketing Manual, letters, directives, contract riders, and Personnel Action Notices in the contract. Exhibit E of Defendant's Motion.

11. Paragraph 8 of the Sales Representative Agreement/P.A.N. states that there are no oral agreements or understandings affecting the contract and that all alterations or variations of the contract's terms must be in writing and signed by both parties to the contract. Exhibit E of Defendant's Motion.

12. Plaintiff signed a Sales Representative Agreement/P.A.N. on April 21, 1981, June 1, 1981, August 27, 1981, and October 23, 1981. Exhibits E, F, G and H of Defendant's Motion.

13. The Preface of the Field Marketing Manual clearly states that the Manual is informational only and that its provisions are not conditions of employment and may be modified, revoked or changed at any time with or without notice. The Preface of the Manual further states that the Manual was not intended to create, and is not to

be construed to constitute, a contract between Burroughs and any of its employees. Exhibit I of Defendant's Motion.

14. At the end of two different sales courses Plaintiff received criticism concerning her lack of independence and understanding of Burroughs products and computer concepts. Exhibits J and K of Defendant's Motion.

15. Plaintiff was placed on probation on September 2, 1981 because of her unsatisfactory marketing performance. Exhibit L of Defendant's Motion.

16. As deficiencies in Plaintiff's performance continued, Plaintiff was placed on supplemental probation on October 7, 1981. Exhibit M of Defendant's Motion.

17. When Plaintiff's deficiencies in performance persisted, she was terminated by Defendant on October 23, 1981. Exhibit N of Defendant's Motion. At the time of her termination Plaintiff had less than two years of employment with Burroughs.

## CONCLUSIONS OF LAW

1. In deciding a motion for summary judgment, a Federal Court is bound by the substantive law of the State in which the Federal Court is sitting. Accordingly, the law of the State of California governs this Motion for Summary Judgment. *Erie Railway Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

2. California law provides that where a contract is unambiguous, as in the case at bar, the construction of the agreement is a question of law for the Court. *United States Leasing Corp. v. DuPont,* 69 Cal.2d 275, 284, 70 Cal.Rptr. 393, 444 P.2d 65 (1968); *Larsen v. Johannes,* 7 Cal.App.3d 491, 500, 86 Cal.Rptr. 744 (1970). California law further provides that a subsequent written contract supersedes a prior written contract. Cal.Civ.Code Section 1698; *Crossen v. Foremost-McKesson, Inc.,* 537 F.Supp. 1076 (N.D.Cal.1982). Therefore the employment contract in existence at the time of Plaintiff's termination, by its own terms as well as by law, supersedes all prior contracts between Plaintiff and Burroughs and is dispositive as to the terms and conditions of Plaintiff's employment.

3. There cannot be a valid express contract and also a contradictory implied contract embracing the same subject matter. Plaintiff, therefore, may not rely on the terms of an implied contract in the form of the Field Marketing Manual or in any other form, to contradict the terms of the written employment contract in effect at the time of her termination. *Crossen v. Foremost-McKesson, Inc.,* 537 F.Supp. 1076, 1077 (N.D.Cal.1982).

4. Because Plaintiff's written employment contracts clearly provided that Plaintiff's employment was terminable at any time, in the discretion of Defendant Burroughs, Plaintiff had no right to a just cause determination prior to termination and could not reasonably have had a legitimate expectation of a right to a just cause determination prior to termination. Moreover, the Preface to the Field Marketing Manual in effect at the time of Plaintiff's termination clearly provides that the Manual's contents were under no circumstances to be construed as describing conditions of employment or as creating or constituting a contract between Burroughs and its employees. *See* Exhibit I of Defendant's Motion. *Novosel v. Sears, Roebuck & Co.,* 495 F.Supp. 344 (E.D.Mich.1980); *Cf. Crossen v. Foremost-McKesson, Inc.,* 537 F.Supp. 1076 (N.D.1982).

5. Defendant's right to terminate Plaintiff's employment at any time without cause is not only made clear from the dispositive language of Plaintiff's written employment contracts with Defendant, but is the long established rule in the State of California. Cal.Labor Code Section 2922 provides: "An employment, having no specified term, may be terminated at the will of either party on notice to the other. Employment for a specified term means an employment for a period greater than one month." *See also Swaffield v. Universal ECSCO Corp.,* 271 Cal.App.2d 147, 76 Cal. Rptr. 680 (1969); *Marin v. Jacuzzi,* 224 Cal. App.2d 549, 36 Cal.Rptr. 880 (1964); *Mal-*

lard v. Boring, 182 Cal.App.2d 390, 6 Cal. Rptr. 171 (1960).

6. Plaintiff cannot avail herself of such California Court of Appeal cases as *Cleary v. American Airlines, Inc.,* 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (1980) and *Pugh v. See's Candies, Inc.,* 116 Cal.App.3d 311, 171 Cal.Rptr. 917 (1981) because the extremely narrow circumstances under which those cases were decided are not present in Plaintiff's case. The determinative factors: The absence of a written contract dispositive of the issue, the longevity of the employees involved, i.e. 18 and 32 years in *Cleary* and *Pugh* respectively, the absence of criticism of the employees' work, the presence of public policy concerns and the existence of uncontradicted express policies, controlled the conclusions reached in *Cleary* and *Pugh* and are entirely absent in Plaintiff's case. At the time of Plaintiff's termination she had less than two years of employment with Burroughs and a less than satisfactory performance record with Burroughs. Findings of Fact Paragraphs 14–17.

7. Therefore, the same result will be reached by applying either Michigan or California law. *See Novosel v. Sears, Roebuck & Co.,* 495 F.Supp. 344 (E.D.Mich.1980).

8. As there was no wrongful termination, the allegations that Crain could only be discharged for cause and that Burroughs manufactured spurious grounds for Crain's termination are legally irrelevant.

9. Plaintiff's Third Cause of Action, the tort of intentional infliction of emotional distress, does not state a cause of action in that she fails to plead extreme and outrageous conduct, an essential element of the tort of intentional infliction of emotional distress. *Fuentes v. Perez,* 66 Cal.App.3d 163, 136 Cal.Rptr. 275 (1977); *Perati v. Atkinson,* 213 Cal.App.2d 472, 28 Cal.Rptr. 898 (1963); *Fletcher v. Western National Life Insurance Co.,* 10 Cal.App.3d 376, 89 Cal. Rptr. 78 (1970). Plaintiff's allegations that she suffered embarrassment, humiliation and lack of confidence, under California law, is not sufficiently extreme and outrageous to state a claim for intentional infliction of emotional distress. *Ankeny v. Lock-heed Missiles and Space Co.,* 88 Cal.App.3d 531, 151 Cal.Rptr. 828 (1979); *Cornblith v. First Maintenance Supply Co.,* 268 Cal. App.2d 564, 74 Cal.Rptr. 216 (1968). In an at-will employment relationship, the privilege of the employer to discharge the employee with or without cause "is absolute, and the presence of ill will or improper motive does not destroy [such privilege]." *Swaffield v. Universal ECSCO Corp.,* 271 Cal.App.2d 147, 76 Cal.Rptr. 680 (1969); *Marin v. Jacuzzi,* 224 Cal.App.2d 549, 36 Cal.Rptr. 880 (1964); *Cf. Crossen v. Foremost-McKesson, Inc.,* 537 F.Supp. 1076 (N.D.Cal.1982); *Agostini v. Strycula,* 231 Cal.App.2d 804, 809, 42 Cal.Rptr. 314, 317 (1965). Accordingly, Defendant should be awarded summary judgment on Plaintiff's First, Second and Third Causes of Action.

## ORDER

Defendant's Motion for Reconsideration requesting the Court to alter and amend that portion of its January 3, 1983 Order granting Defendant's Summary Judgment in its favor without prejudice as to the First, Second and Third Causes of Action contained in Plaintiff's Complaint by granting Defendant's Motion for Summary Judgment with prejudice, and vacating that portion of its January 3, 1983 Order, remanding the Fourth Cause of Action to state court, by retaining jurisdiction over such claim; and

Plaintiff's Motion for Reconsideration requesting the Court to reconsider its Order granting Defendant's Motion for Summary Judgment; and

The Motions having come for hearing on March 21, 1983 and the Court having considered the pleadings, moving and responsive papers filed herein, and the oral arguments of counsel;

IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration is hereby GRANTED and Defendant's Motion for Summary Judgment as to the First, Second and Third Causes of Action contained in Plaintiff's Complaint in its favor be and hereby is GRANTED, as the Plaintiff has

failed to demonstrate any genuine issue as to any material fact as to the dispositive contract language involved herein; and

IT IS HEREBY ORDERED that the Court's January 3, 1983 Order remanding the Fourth Cause of Action to state court is hereby vacated, and said Cause of Action is hereby reinstated; and

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is hereby DENIED.

IT IS SO ORDERED.