960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco SERVILLON, Plaintiff-Appellant,
v.
PACIFIC GAS AND ELECTRIC COMPANY; Denis W. Houghton, Craig
Kirk, Does I Through XX, Defendant-Appellees.
 No. 91-15293.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.
Decided April 15, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges and MUECKE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Francisco Servillon appeals the district court's denials of his October, 1989 motion to remand his wrongful discharge case to California state court and of his March, 1990 motion to amend the order denying remand, pursuant to 28 U.S.C. § 1292(b). Servillon also appeals the district court's granting of PG & E's October, 1990 motion for summary judgment on all of Servillon's claims. Appellees contend, and Servillon denies, that the district court had subject matter jurisdiction over this matter pursuant to the Labor Management Relations Act, 29 U.S.C. Section 185(a). This court has jurisdiction over Servillon's timely filed appeal pursuant to 28 U.S.C. Section 1291. We affirm.
 
 
 4
 * Section 301 of the Labor Management Relations Act as codified in 29 U.S.C. § 185(a), provides federal jurisdiction over certain labor contract disputes. The Ninth Circuit and the Supreme Court have previously held that a breach of contract claim involving an alleged independent agreement concerning a position covered by a CBA is governed exclusively by federal law. Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23 (1983); DeLapp v. Continental Can Company, Inc., 868 F.2d 1073, 1075 (9th Cir.1989); Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir.1987).
 
 
 5
 Servillon argues the district court erred in denying the motion to remand because the district court lacked subject matter jurisdiction over this wrongful discharge action. See Franchise Tax, 463 U.S. at 8. He maintains that his position was always covered entirely by an individual employment contract and never by the CBA, and therefore his claim is not governed by the LMRA. The district court concluded that it had jurisdiction because it found that Servillon had no individual employment contract with PG & E separate from the CBA, and thus his state contract claims were preempted by federal law.
 
 
 6
 First, we must decide whether the district court was legally allowed to make such a finding of fact for the purposes of denying remand. According to the Ninth Circuit, a district court is allowed to look to the facts pleaded in the complaint, as well as facts found outside the complaint, to determine whether employees have attempted "to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement." Olguin v. Inspiration Consolidated Copper Company, 740 F.2d 1468, 1472 (9th Cir.1984). Under Olguin, then, the district court was allowed to make a factual finding regarding the existence of a separate contract in order to determine whether a complaint has been "artfully pleaded."
 
 
 7
 We do not find clearly erroneous the district court's finding that the alleged separate employment contract never existed. Servillon offered only allegations, not facts, to support his claim.
 
 II
 
 8
 Servillon argues that the district court erred in denying his motion to add language to the order denying remand that would have allowed an interlocutory appeal of the order pursuant to 28 U.S.C. § 1292(b). We need not reach this question as the issue has been mooted by the district court's final order granting summary judgment. Because the question of whether the district court had subject matter jurisdiction is now properly before this court, Servillon would not gain anything from a reversal of the section 1292(b) motion.
 
 III
 
 9
 Summary judgment may be affirmed by an appellate court only if the record, read in the light most favorable to the appellant, establishes that there is no genuine issue of material fact and that the appellee is entitled to judgment as a matter of law. Edelman v. Western Airlines, Inc., 892 F.2d 839, 842 (9th Cir.1989). In order to determine whether the district court's granting of the motion for summary judgment was in error, it is necessary to examine the claims individually.
 
 A. BREACH OF CONTRACT
 
 10
 The district court found that because Servillon had produced no new evidence that a separate contract between himself and PG & E existed, the employment relationship was bound by a CBA. As Servillon stated no section 301 claim, the district court properly granted PG & E's motion for summary judgment.
 
 
 11
 We find that no material triable issue of fact exists as to the existence of a separate contract or as to the preemptive effect of section 301. We affirm the granting of the motion for summary judgment for breach of contract and the breach of the Covenant of Good Faith and Fair Dealing.
 
 
 12
 B. TORT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
 
 
 13
 The Supreme Court has held "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim ... or dismissed as preempted by federal labor contract law." Allis-Chalmers v. Lueck, 471 U.S. 202, 220 (1985). Servillon's claim for intentional infliction of emotional distress is viable only if the discharge upon which the claim is based was wrongful under the CBA. For this reason, the claim is dependent upon analysis of the terms of the CBA and, thus, must be preempted by section 301. Since Servillon does not allege a violation of section 301, the claim must be dismissed.
 
 C. FRAUD AND MISREPRESENTATION
 
 14
 Servillon claims that PG & E represented to him that he would only be fired for good cause. Servillon alleges two claims of fraud and misrepresentation. The district court found that Servillon's claims for fraud and misrepresentation were dependent upon an analysis of the CBA and therefore preempted by section 301. Servillon alleged that PG & E represented to him that he would only be fired for good cause. The "just cause" standard for discharge of an employee is contained in the CBA. Since the resolution of the claim for fraud is dependent upon analysis of the CBA, the claim is preempted by section 301.
 
 
 15
 We affirm the granting of the motion for summary judgment concerning this claim.
 
 D. BREACH OF FIDUCIARY DUTY
 
 16
 The district court granted the motion for summary judgment on the claim for breach of fiduciary duty since the court found that Servillon had failed to show that a fiduciary relationship existed between Servillon and PG & E. According to Foley v. Interactive Data Corp., 765 P.2d 373 (1988), an employer-employee relationship does not give rise to a fiduciary duty in and of itself. Id. at 395-96. Plaintiff must demonstrate a relationship involving trust and confidence, and the "proof must show confidence reposed by one side and domination and influence exercised by the other." Lehner v. Crane Co., 448 F.Supp. 1127, 1131 (E.D.Pa.1978). Since Servillon has failed to demonstrate such a relationship, we affirm the district court's granting of the motion for summary judgment on this claim.
 
 
 17
 E. INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP
 
 
 18
 The district court granted PG & E's motion for summary judgment on the claim for interference with a contractual relationship on the ground that Servillon had failed to state a cause of action. The court cited Crossen v. Foremost-McKesson, 537 F.Supp. 1076 (N.D.Cal.), which held that employees cannot be held liable for inducing a breach of a corporation's contract by acting on behalf of the corporation. The employee's actions are "privileged" and the district court held that an actionable claim for inducement of a breach of contract "must be both wrongful and unprivileged." Id. In his complaint, Servillon claims that each Defendant "was the agent and employee of each and every other Defendant, and in doing the things and acts alleged, was each acting within the scope and course of such agency and employment ..." Since each employee was acting within the scope of his employment as an agent for his employer, all their actions are "privileged" and they cannot be held liable for interfering with their employer's contract. We affirm the district court's granting of the motion for summary judgment on this issue.
 
 F. DEFAMATION
 
 19
 Servillon claims that PG & E defamed him to credit bureaus, potential employers, and the California Unemployment Insurance Appeals Board. The district court granted PG & E's motion for summary judgment for the claim of defamation because Servillon failed to produce sufficient evidence to support his allegations. The Ninth Circuit has held that statements to unemployment offices are entitled to a qualified privilege which may be defeated by a showing of "actual malice." Ghebreselassie v. Coleman Security, 829 F.2d 892, 898 (9th Cir.1987), cert. denied, 487 U.S. 1234, 108 S.Ct. 2900, 101 L.Ed.2d 933 (1988). Since Servillon has not produced sufficient evidence to support his allegation of actual malice, the district court properly granted summary judgment and we affirm the district court's granting of the motion for summary judgment on this claim.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3